## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DOCKET NO. 1:23-cv-114

-----------------------------------------------------------------X

**JOHN DOE**

       **Plaintiff,**

   **-against-**

**WAKE FOREST UNIVERSITY,**

       **Defendant.**

-----------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe (hereinafter referred to as "Plaintiff or "John Doe" or "Doe"), by and through his attorneys, Nesenoff & Miltenberg, LLP and Ekstrand and Ekstrand, LLP, hereby seeks an Order granting permission to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. Wake Forest University ("Wake Forest" or "University") suspended John Doe, a senior at Wake Forest, after finding him responsible for sexual misconduct following a biased and procedurally defective investigation and adjudication process regarding allegations of sexual assault brought forth by fellow student, Jane Roe. During the investigation and hearing process, Wake Forest deprived Doe of a presumption of innocence, permitted the addition of new claims against Doe four months after the initial Notice of Allegations and ten months after the incident in question, the Investigator suggested to Roe responses to interview questions, the Hearing Officer overlooked inconsistencies in Roe's account when assessing credibility, the Hearing

Case 1:23-cv-00114-KDB-SCR   Document 4   Filed 02/07/23   Page 1 of 10

Officer deprived Doe of a meaningful opportunity to be heard when she curtailed the cross-examination of Roe conducted by Doe's advisor, and the University reached a decision that was contrary to the weight of evidence. As a result, Doe was erroneously found responsible for Sexual Harassment by Sexual Assault (Rape) and Sexual Harassment by Sexual Assault with an Object in violation of the University's Policy, resulting in a sanction of a one-year suspension, effective as of the second semester of Doe's senior year.

Doe is seeking to have the erroneous findings and sanction reversed and removed from his record, along with other relief. In light of the highly sensitive and personal nature of the allegations in the Complaint, mainly involving claims of sexual misconduct, Plaintiff is justifiably concerned about the potential irreparable harm, not only to his reputation, but also to his livelihood, in that this information, if revealed, will prevent him from continuing his education and obtaining gainful employment. Plaintiff should be allowed the opportunity to clear his name without further sullying his reputation by allowing public access to his identity, or the identity of his accuser. Accordingly, Plaintiff respectfully moves for leave to proceed under the pseudonym "John Doe" and to identify his accuser as "Jane Roe" in this action.

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the simultaneously filed Verified Complaint and the attached Declaration of Tara J. Davis, Esq. ("Davis Decl."), which together detail the highly sensitive nature of the matter involving false and insupportable accusations of sexual misconduct, resulting in an egregious miscarriage of

justice committed against Plaintiff by Wake Forest. These sensitive facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

## **ARGUMENT**

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a), 17(a)(1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has recognized that in "appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d at 238.

Federal law recognizes the importance of maintaining confidentiality of university student records, and imposes certain requirements on those receiving federal funding, including Wake Forest. Specifically, the Family Educational Rights and Privacy Act ("FERPA") prohibits schools from disclosing student educational and disciplinary records without the student's consent. 20 U.S.C. § 1232(g). In fact, the First Circuit recently held that courts "cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity," as the public has "an abiding interest in ensuring that the values underpinning the confidentiality protections imposed by

Case 1:23-cv-00114-KDB-SCR   Document 4   Filed 02/07/23   Page 3 of 10

FERPA and Title IX are not subverted by collateral attacks in federal court." *Doe v. Mass. Inst. Of Tech.,* 46 F.4ᵗʰ 61, 76 (1st Cir. 2022).

Thus, many courts, including those in the Fourth Circuit, have held in similar circumstances to the present matter that a party may proceed anonymously. *See Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Univ. of St. Thomas,* No. 16-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2017) (granting motion to proceed under pseudonym, stating "forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search; that is arguably worse than the reputational harm he complains of from the University's currently confidential disciplinary proceedings"); *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 (W.D. Va. Mar. 29, 2022); *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names); *Doe v. Univ. of Denver,* 2018 WL 1304530 (D. Colo. Mar. 13, 2018); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016)*; Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012)

("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," citing *Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir. 2000)); *Doe v. Massachusetts Institute of Technology*, 2022 WL 16554725 (D. Mass. 2022) ("A deterrence concern typically arises in cases involving 'intimate issues such as sexual activities,'") citing *In Re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020).

This is so because "[t]he crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue." *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) (internal citations omitted).

The Fourth Circuit set out a non-exhaustive five-part test to consider when a plaintiff requests to proceed under a pseudonym. *James v. Jacobson*, 6 F.3d at 238. The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted).

5

## I.     <u>Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter</u>

The underlying facts in this case relate mainly to allegations of sexual misconduct brought by a female student against the Plaintiff. Ultimately, Doe was erroneously found responsible and suspended from Wake Forest. Doe denies that he engaged in any form of misconduct and through this litigation, seeks to minimize the harm of Wake Forest's wrongful determination that he engaged in sexual misconduct, and to prevent further harm. Requiring Doe to proceed under his real name, or disclose the name of his accuser, would cause the precise harm that he seeks to avoid and presumably, his accuser would also choose to avoid.

In light of the nature of this case, private and intimate details regarding the lives of Doe and Roe will be at issue. Moreover, the reason for bringing the lawsuit is to restore Doe's good name. If Doe is required to disclose his identity in this litigation, and Wake Forest's actions are found to be unconstitutional, the harm would already be done. Doe's name will forever be publicly associated with allegations of gender-based misconduct, specifically, sexual misconduct. For these reasons, courts have routinely found that in cases involving allegations of this nature, the parties should be allowed to proceed under pseudonym. *See Doe v. Virginia Polytechnic Inst. & State Univ.,* 2020 WL 1287960 at *3 (W.D. Va. Mar. 18, 2020) (allegations of sexual assault involve sensitive and highly personal facts that can invite harassment and ridicule, and weighs heavily in favor of allowing a plaintiff to proceed by pseudonym); *George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter v. Doe*, 2016 WL 3766466, at *6.

6

Since the interests at play here are of a highly sensitive nature, this factor weighs heavily in favor of anonymity. Doe is seeking in this litigation to have his good name restored. If his name is public, then he can never be made whole because this sensitive and prejudicial information will be published in the public arena and the damage will have already been done.

## II.    **The Identification of Doe Poses Potential Retaliatory Physical and Mental Harm**

The second factor likewise weighs in Doe's favor. If his identity is disclosed, Doe could be targeted for retaliatory physical or mental harm based solely on the accusation of sexual misconduct. *George Mason Univ.*, 179 F. Supp. 3d at 593. Moreover, Wake Forest affords anonymity to both accusers and accused *during the pendency* of disciplinary proceedings.[1] There is no reason to lift this veil of anonymity now simply because Wake Forest erred and forced Doe to resort to federal litigation to clear his name.

Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a reputation. It does not matter that the accused has not been convicted of a crime. In this instance, Wake Forest erroneously and callously found Doe responsible for Sexual Harassment by Sexual Assault (Rape) and Sexual Harassment by Sexual Assault with an Object in violation of the University's Policy, and even if this Court finds that Doe was not afforded a fair and unbiased process, that does not change the damage done if his request for anonymity is denied. Should Doe be permitted to return to

---

[1] FERPA prevents institutions that receive federal funding from releasing student's educational records without their consent. 20 U.S.C. § 1232g(b)(1).

7

Wake Forest to finish his education, the reputation created by Wake Forest's wrongful determination would precede him and it would jeopardize his safety and place him at risk for unwarranted retribution. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to publicize the name of Jane Roe as it would subject her to "unwanted scrutiny, harassment and ridicule." *See Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *2. Therefore, this factor also weighs in favor of anonymity.

### III.  John Doe and Jane Roe Are Both Young Adults

Both Doe and Roe are in their senior year of college, and were in their junior year of college at the time of the alleged misconduct. While they are young adults, some courts have stated that being over eighteen years old should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152, *24 (M.D.N.C. May 20, 2004). While this factor does not weigh towards providing anonymity, it does not weigh against it either.

### IV.  The Lawsuit Is Against Private Parties

When a plaintiff challenges the government, courts are more likely to allow a plaintiff to proceed under a pseudonym when challenging the government than in cases involving private parties, since actions against private individuals may harm their reputations. *Yacovelli,* 2004 U.S. Dist. LEXIS 9152, *8; *Painter*, 2016 WL 3766466, at *6; *Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *3 (Courts are more likely to permit a plaintiff to proceed under a pseudonym in actions against the government because government entities typically do not involve injury to reputation). Here, Wake

8

Forest, a private university, is being sued as the entity responsible for the flawed disciplinary process. *Doe v. Alger*, 317 F.R.D. 37, 41 (2016). Therefore, this factor is neutral, at worst, and at best, favors proceeding under a pseudonym.

**V.**     **There Is No Risk of Unfairness to Defendants**

Allowing Doe to proceed under a pseudonym will not inhibit the Defendant from defending itself against the allegations raised by Doe in this suit. Wake Forest is well aware of Doe's and Roe's identities, as it conducted an investigation, hearing and appeal during which their identities were disclosed. Therefore, permitting Doe and Roe to remain anonymous will not result in any prejudice to Defendant. This factor therefore also weighs against revealing Doe's and Roe's identities to the public.

## CONCLUSION

The Court should allow Doe and Jane Roe to proceed anonymously because of the highly sensitive and private nature of the issues before the Court, and the lack of prejudice to Defendant. Therefore, John Doe requests that he be allowed to proceed under a pseudonym for the duration of this litigation.

DATED: New York, New York
       February 7, 2023

            Respectfully submitted,

            **NESENOFF & MILTENBERG, LLP**
            *Attorneys for Plaintiff*

            **By:**   */s/ Andrew Miltenberg*
            Andrew T. Miltenberg, Esq.
            Tara J. Davis, Esq.

9

363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
tdavis@nmllplaw.com
*Notice of Special Appearance Forthcoming*

-and-

**EKSTRAND AND EKSTRAND, LLP**
**By:** */s/ Robert Ekstrand*

Robert C. Ekstrand, Esq.
NC Bar No. 26673
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
(919) 452-4647
rce@ninthstreetlaw.com


## CERTIFICATE OF COMPLIANCE WITH LR7.3(d)

The undersigned counsel hereby certifies that this brief is not more than 6,250 words

long and therefore complies with LR 7.3(d).

/s/ *Robert Ekstrand*
Robert C. Ekstrand, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I filed the foregoing using the Clerk's

CM/ECF system, which will provide notice to all counsel of record. I further certify that

the foregoing will be served manually on all parties along with the summons and complaint.

/s/ *Robert Ekstrand*
Robert C. Ekstrand, Esq.

10