IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : Case No. 1:23-cv-00114-CCE-JLW |
| v. | : |
| WAKE FOREST UNIVERSITY, | : |
| Defendant. | : |

# DECLARATION OF HOWARD KALLEM

I, Howard Kallem, hereby declare as follows:

1. I am a consultant with Rebecca Leitman Veidlinger, Esq, PLLC specializing in Title IX and other higher education compliance matters. I have held that position since 2019.

2. Prior to my work at Rebecca Leitman Veidlinger, Esq., PLLC, I served as Assistant Vice President and Director for Title IX Compliance at Duke University and as the Title IX Compliance Coordinator at the University of North Carolina at Chapel Hill. Before those positions, I spent twenty years with the U.S. Department of Education's Office for Civil Rights in Washington, D.C., including five years as a Supervisory Attorney in its Program Legal Group in headquarters and 15 years as a Chief Regional Attorney.

3. I served as the Appellate Officer in the Title IX matter involving John Doe that is the subject of the above-captioned lawsuit.

4. My involvement in this case was triggered by an Appeal ("Appeal") by John Doe of the Final Outcome Letter issued by Hearing Officer Dixie Wells. The redacted Appeal, attached to Plaintiff's Motion [ECF No. 6-8], dated January 3, 2023, is a true and correct copy of the Appeal I reviewed with respect to the campus adjudication underlying this case. The redacted Final

Outcome Letter attached to Plaintiff's Motion [ECF No. 6-7], dated December 20, 2022, is a true and correct copy of the Final Outcome Letter I reviewed with respect to the campus adjudication underlying this case.

5. I conducted a thorough and objective review of the Appeal and the hearing record, which included the hearing transcript, exhibits, and Final Outcome Letter. The redacted Appellate Decision attached to Plaintiff's Motion [ECF No. 6-9], dated January 23, 2023, is a true and correct copy of my Appellate Decision with respect to the campus adjudication underlying this case.

6. I concluded that John Doe did not provide sufficient evidence that any procedural irregularity affected the outcome of the hearing. [ECF No. 6-9 at 2-8, 20].

7. I concluded that John Doe provided no evidence of bias against him by the Hearing Officer and no evidence of biased statements by the Hearing Officer or any others involved in the investigation. [ECF No. 6-9 at 8-19, 20].

8. I concluded that John Doe did not demonstrate that the one year suspension sanction was inconsistent with the finding of responsibility against him. [ECF No. 6-9 at 19-20].

9. Ultimately, I found that there was "no basis to overturn the Hearing Officer's determination in the Final Outcome Letter dated December 20, 2022, that Respondent was responsible for violating the Policy." [ECF No. 6-9 at 20].

10. I reached these conclusions based on an impartial review of the record, and not based on any bias for or against men or women, or any bias for or against complainants or respondents.

11. Neither Wake Forest University nor any third party placed any pressure or attempted to influence the outcome of my Appellate Decision. Prior to my review of the Complaint in this matter, I was not aware of any recent or pending investigations by the Office for Civil Rights

of the U.S. Department of Education against Wake Forest or of any protests or other campus pressure to reach one conclusion or the other.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _16_ day of February, 2023.

*Howard Kallem*
Howard Kallem