IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-114

JOHN DOE,

    Plaintiff,

v.

WAKE FOREST UNIVERSITY,

    Defendants.

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction, which the Defendant opposes. (Doc. Nos. 5, 20). The Court has carefully considered the Motion, the parties' briefs and extensive exhibits, and the arguments of counsel at the February 17, 2023, hearing. For the reasons briefly discussed below,[1] the Court will deny the Motion.

The Plaintiff, a senior at Defendant Wake Forest University, seeks a temporary restraining order and preliminary injunction enjoining the Defendant from enforcing its decision to suspend him from the University for one year, including allowing him to immediately return to his classes and obtain his degree upon successful completion of his degree requirements. Though an "extraordinary remedy," a preliminary injunction is warranted where the plaintiff has established "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Dmarcian Inc. v. Dmarcian Europe BV*, Nos. 21-1721, 21-2005 (4th. Cir.

---

[1] The Court enters this abbreviated order to inform the parties of its ruling due to the expedited nature of the Motion. The Court will enter a more fulsome order in the near future.

1

February 14, 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008)).[2] All four requirements must be "clearly" satisfied. *Winter*, at 24, 129 S. Ct. at 376. In sum, it is an exacting test because according to the Supreme Court, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Id*.

The Court will focus its brief analysis on the whether the Plaintiff has established by clear evidence that he is likely to succeed on the merits.[3] A plaintiff seeking a preliminary injunction "need not establish a certainty of success but must make a clear showing that he is likely to succeed at trial." *Di Biase v. SPX Cor*p., 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted). "While it is [the] Plaintiff['s] burden, as the movant[ ], to make a showing sufficient to justify a preliminary injunction, 'the burdens at the preliminary injunction stage track the burdens at trial.'" *Harmon v. City of Norman*, 981 F.3d 1141, 1147 (10th Cir. 2020) (quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)). Plaintiff will bear the burden of proof on his Title IX claims at trial so on this motion he must clearly establish that he will likely prevail at trial.

The Plaintiff has failed to meet his high burden. Specifically, the question before the Court is whether there is a clear likelihood that a jury will find that Plaintiff has proven that gender bias was a "but-for" cause of the adverse decision against him. While the Plaintiff raises serious questions about the fairness and correctness of Wake Forest's adjudication process, (and the Court

---

[2] The standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g.*, *U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006); *McNeill v. Bond*, No. 1:18CV786, 2022 WL 17526565, at *2 (M.D.N.C. Dec. 8, 2022), *report and recommendation adopted*, No. 1:18CV786, 2023 WL 112542 (M.D.N.C. Jan. 5, 2023).

[3] Because the Court finds that Plaintiff has not clearly established a likelihood of success on the merits, it need not address in this Order the three remaining factors, which will be addressed in its forthcoming order.

would have no difficulty in denying a defense motion under the significantly lower Rule 12(b)(6) standard for simply "stating a claim"), there must be proof beyond a finding that the University's decision was erroneous. However, based on the current record, the Court cannot find by clear evidence that the Plaintiff is likely to prove at trial that the alleged errors made by the hearing officer and appeals officer were the result of gender bias, rather than simply mistakes in either process or the final result. Consequently, the Court cannot find by clear evidence that the Plaintiff will likely succeed at trial.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction, Doc. No. 5, is **DENIED.**[4]

**SO ORDERED**

Signed: February 17, 2023

Kenneth D. Bell
United States District Judge

---

[4] Again, to be clear, the Court's conclusion that the Plaintiff has not met his heavy burden to support the "extraordinary" relief of an injunction pending trial does not mean that this case will not proceed promptly towards a decision on the merits. To the contrary, the Court intends to implement an expedited Pretrial Order and Case Management Plan that will allow this case to proceed to trial by the end of 2023 so that the matter can be resolved prior to the beginning of the University's Spring 2024 semester.