IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-00114

| | |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WAKE FOREST UNIVERSITY,**<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court related to Defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 31). As stated in its March 1, 2023, Order (Doc. No. 30), the Court has initially reviewed Defendant's Motion and determined that Plaintiff should be required to file a partial response to the Motion on or before March 31, 2023. Specifically, Plaintiff is directed to respond to Defendant's motion to dismiss Plaintiff's claim for Breach of Contract, but not Plaintiff's Title IX claim. Defendant's motion to dismiss the Title IX claim will be denied for the reasons previously stated in Doc. Nos. 25, 27 and the February 17, 2023, hearing, and which will yet again be briefly summarized in the Court's future ruling on the present Motion.[1]

---

[1] The Court declines to accept Defendant's "causation" argument in the context of the lenient Rule 12(b)(6) standard of review – and notes that the argument that Plaintiff cannot succeed on the issue of "but...for" causation based, in part, on the purported absence of discrimination in the limited "appellate" review of the hearing officer's decision was indeed previously made to the Court in connection with the consideration of Plaintiff's motions for injunctive relief. *See, e.g.*, Doc. No. 20 at 23 ("Plaintiff notably makes no serious allegation that the Appellate Decision is the product of bias…"). Further, Defendant's primary reliance on *Neal v. E. Carolina Univ.*, 53 F.4th 130 (4th Cir. 2022) is unpersuasive, particularly at this stage of the case. Even assuming *Neal* is not distinguishable on its facts, which it may be, it reflects the Court of Appeals' review of a motion for Summary Judgment not a motion to dismiss. *See Neal*, 53 F.4th at 150 ("We've considered … the record evidence … and conclude that the district court did not err in holding that the undisputed record would preclude a jury from finding in favor of Neal on the issue of causation.").

All other provisions of the Court's March 1, 2023, Order – including the scheduled start of discovery – remain in full effect without regard to the partial pendency of the Motion to Dismiss ordered above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 17, 2023

Kenneth D. Bell
United States District Judge