IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | |
| v. | Civil Case No. 1:23-cv-114 |
| WAKE FOREST UNIVERSITY, | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT WAKE FOREST
UNIVERSITY'S MOTION TO DISMISS THE COMPLAINT**

Defendant Wake Forest University (the "University") submits this Reply in Support of Its Motion to Dismiss ("Motion") the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

**INTRODUCTION**

North Carolina law is unequivocal that a university's handbooks, policies, and procedures are not enforceable contracts unless expressly incorporated into a standalone written contract. *See, e.g., Black v. W. Carolina Univ.*, 109 N.C. App. 209, 213 (1993) (describing North Carolina requirement that to be enforceable, a student handbook must be explicitly incorporated into a written agreement); *Shaw v. Elon Univ.*, 400 F. Supp. 3d 360, 365 (M.D.N.C. 2019) (explaining standard under North Carolina law). Plaintiff attempts to circumvent this binding precedent by arguing that he identified specific provisions of the Policy that were purportedly breached, but that specificity is immaterial because the Policy is not an enforceable contract to begin with.

In support of his argument, Plaintiff relies on a single case that correctly articulated, but did not adhere to, the binding authority described above and in the University's Motion. And in

-1-

any event, the holding in *McFadyen* must now be read in light of additional North Carolina law making clear that its application of the law was incorrect. Because the Policy is not a contract under North Carolina law, Plaintiff's breach of contract claim must be dismissed.

## ARGUMENT

I. **North Carolina law is clear that the Policy is not an enforceable contract.**

Under North Carolina law, student handbooks and other policies, guidelines, bulletins, codes of conduct, manuals, or other procedures that universities use to govern community-member conduct are not enforceable contracts. *Shaw*, 400 F. Supp. 3d at 365 (holding that student policies are not enforceable as contracts under North Carolina law); *Love v. Duke Univ.*, 776 F. Supp. 1070, 1075 (M.D.N.C. 1991), *aff'd*, 959 F.2d 231 (4th Cir. 1992) (holding that a "University Bulletin" standing alone was not a binding contract). The abundant case law summarized in the University's Motion is controlling.

Plaintiff attempts to distinguish *nine* cases that all conclusively hold that university handbooks and procedures are not enforceable contracts in North Carolina unless incorporated into a written agreement, *see* Mem. at 5-9, but Plaintiff's attempts largely present the authority inaccurately. For example, Plaintiff argues that the court allowed a breach of contract claim to survive a motion to dismiss in *Neal v. Univ. of N. Carolina*. *See* Opp. at 10. However, in *Neal*, the defendants did not move to dismiss the breach of contract claim, but asked the court to limit the claim to a specific appeal procedure. No. 5:17-CV-00186-BR, 2018 WL 2027730, at *6 (E.D.N.C. May 1, 2018). It wasn't until summary judgment when the court was asked to determine, as a matter of North Carolina law, whether the student "Graduate Catalog" constituted an enforceable contract. *Neal v. Univ. of N. Carolina*, No. 5:17-CV-186-BR, 2020 WL 5775145, at *8 (E.D.N.C. Sept. 28, 2020), *aff'd sub nom. Neal v. E. Carolina Univ.*, 53 F.4th 130 (4th Cir. 2022). When presented with the question for the first time, the court held that plaintiff failed to provide any

evidence that the Graduate Catalog was incorporated into any written agreement and it could not support a breach of contract claim as a matter of law. *Id*.

With *Chandler v. Forsyth Technical Community College*, Plaintiff argues, inaccurately, that the court did not determine "whether a conduct policy assuring the University would provide certain procedures for imposing discipline would create an enforceable contract." *See* Opp. at 10. In fact, that was the exact issue discussed by the court. In *Chandler*, the plaintiff alleged that the procedures in the student planner and handbook constituted a binding contract and that the university "did not follow the disciplinary procedures outlined in this contract." 294 F. Supp. 3d 445, 458 (M.D.N.C. 2018), *aff'd*, 739 F. App'x 203 (4th Cir. 2018). The court held that the policies and procedures in the planner and handbook were not an enforceable contract and were not incorporated into any other written agreement and dismissed the breach of contract claim. *Id*. at 459. The issue in *Chandler* was almost identical to the present case. As in *Chandler*, this Court should find that disciplinary procedures outlined in a student handbook do not create an enforceable contract under North Carolina law.

Plaintiff likewise attempts to set aside three state court cases because they involved an employment situation rather than students, but the courts' holdings in those cases hewed to the same issue and reasoning necessary here: under North Carolina law, handbooks, policies, and procedures cannot constitute enforceable contracts unless incorporated into a written agreement. *See* Mem. at 6 (citing *Black v. W. Carolina Univ.*, 109 N.C. App. 209, 213 (1993); *Walker v. Westinghouse Elec. Corp.*, 77 N.C. App. 253, 259-60 (1985); *Rajpal v. Livingstone Coll., Inc.*, 212 N.C. App. 692 (2011)). The point is not whether the handbooks relate to students; the point is that handbooks, by their nature, do not establish a meeting of the minds or mutual performance obligations (since they are subject to unilateral amendment). Whether the handbook applies to

students, employees, invited guests, or anyone else, the point is the same: under North Carolina law, something more is required.

The Policy at issue here is a unilateral document that can be revised by the University at any time without consent, and which Plaintiff does not (and cannot) allege is incorporated into any written agreement between Plaintiff and the University. North Carolina law is clear. The Policy is not an enforceable contract and the breach of contract claim must be dismissed.

**II.     The single case cited by Plaintiff is not controlling or persuasive.**

Plaintiff relies almost exclusively on a single outlier case from 2011 to argue that his breach of contract claim should survive. *See* Opp. at 8-11 (citing *McFadyen v. Duke University*, 786 F. Supp. 2d 887, 981 (M.D.N.C. 2011)*, aff'd in part, rev'd in part, dismissed in part sub nom.*, *Evans v. Chalmers*, 703 F. 3d 636 (4th Cir. 2012)). *McFayden*, better known as the Duke lacrosse case, does not cure the legal deficiency in Plaintiff's breach of contract claim.

In *McFayden*, the court dismissed most of the plaintiffs' breach of contract claims, finding that, as here, the plaintiffs failed to allege "any facts that would indicate any intent by Duke to be bound to any particular obligation or course of conduct. . ." *Id*. at 983. The court correctly identified the test for contract formation: "a contract exists only if there is mutual intent to contract and an agreement on sufficiently definite terms to be enforceable." *Id*. at 981. Discussing the mutual intent part of the test, the *McFayden* court cited a number if North Carolina cases and found: "courts in this district have repeatedly concluded that a university's academic bulletins and policies cannot be the basis of a breach of contract claim unless the bulletin or policy provision is a specific, enforceable promise that is incorporated into the terms of a contract between the university and the student." *Id*. at 982.

-4-

Case 1:23-cv-00114-KDB-SCR    Document 39    Filed 04/12/23    Page 4 of 8

For the limited breach of contract claim that was allowed to proceed, the *McFayden* court, after announcing the correct rule, nevertheless conducted an incomplete analysis under North Carolina law. The court found that the plaintiffs had alleged sufficiently definite terms, *but never analyzed whether there was mutual intent between the plaintiffs and Duke University by incorporating those terms in a written agreement,* despite articulating its obligation to do so under North Carolina law. *Id*. at 983. In reaching its conclusion, the court failed to follow North Carolina law that there must be mutual agreement to be bound and that those provisions must be "incorporated into the terms of a contract between the university and the student." *Id*. at 981-82 (citing *Parker v. Glosson*, 182 N.C.App. 229, 232 (2007); *Elliott v. Duke Univ., Inc.*, 66 N.C.App. 590, 595 (1984); *Love v. Duke Univ.*, 776 F.Supp. 1070, 1075 (M.D.N.C.1991); *Guiliani v. Duke Univ.*, No. 1:08CV502, 2010 WL 1292321, *7–8 (M.D.N.C. Mar. 30, 2010)). Even in so doing, the court expressed considerable skepticism as to whether there was an enforceable contract. *Id*. ("The Court will look closely at summary judgment to determine if Plaintiffs have presented evidence of a breach of a specifically enforceable, procedural promise.")

Nothing in *McFayden* changes the outcome here. Even if its incomplete analysis were correct (which, on the case's own terms, it is not), *McFayden* cannot overcome binding state law and subsequent federal cases in this district that have examined mutual intent and found it can only be established if handbooks, policies, and procedures are incorporated into a written agreement between the student and the university. *See e.g. Black*, 109 N.C. App. at 213; *Shaw*, 400 F. Supp. 3d at 365. It does not serve the interests of justice to assign persuasive authority to an outlier case, and in particular to a federal court decision in a *sui generis* litigation departing from state courts' application of state law.

-5-

Case 1:23-cv-00114-KDB-SCR   Document 39   Filed 04/12/23   Page 5 of 8

Moreover, cases subsequent to *McFayden* have clarified and reaffirmed North Carolina law. *Shaw*, 400 F. Supp. 3d at 365 (holding that student policies are not enforceable as contracts under North Carolina law); *Chandler*, 294 F. Supp. 3d at 458-59 (absent an allegation of an enforceable contract explicitly incorporating policies or procedures from a college handbook, a student cannot premise a breach of contract claim on those policies and procedures). Federal courts exercising supplemental jurisdiction over state law claims should follow state law and not expand the state's public policy. *Hampton v. KPM LLC*, 423 F. Supp. 3d 172, 177 (E.D.N.C. 2019); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (when exercising supplemental jurisdiction over state law claims, a district court must follow state law). Under North Carolina law university handbooks, policies, and procedures are unilateral agreements that are not enforceable contracts unless incorporated into a written agreement. *McClean v. Duke University* 376 F. Supp. 3d 585, 595-96 (M.D.N.C. 2019); *Rajpal v. Livingstone Coll., Inc.*, 212 N.C. App. 692 (2011). The breach of contract claim should be dismissed.[1]

---

[1] Contrary to Plaintiff's suggestion that North Carolina is an outlier in this regard, the Fourth Circuit and federal courts within it have routinely found that student handbooks, policies, and procedures are not enforceable contracts under nearby states' laws. *See Brown v. Rectors & Visitors of Univ. of Virginia*, 361 F. App'x 531, 534 (4th Cir. 2010) (affirming dismissal of breach of contract claim where complaint contained only conclusory allegations that the student handbook was a contract); *Tibbetts v. Yale Corp.*, 47 F. App'x 648, 656 (4th Cir. 2002) (student handbook was not a contract); *George v. Averett Univ. of Danville, Virginia*, No. 4:19-CV-00008, 2019 WL 3310517, at *3 (W.D. Va. July 23, 2019) (holding that under Virginia law, student handbook was not a binding contract where University could make unilateral changes at any time); *Doe v. Washington and Lee Univ.*, Case No. 6:14-cv-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (holding that under Virginia law, Student Handbook and the Interim Sexual Harassment and Misconduct Policy were not binding contracts); *Rex v. W. Virginia Sch. of Osteopathic Med.*, 119 F. Supp. 3d 542, 555 (S.D.W. Va. 2015) (holding that under West Virginia law, a sexual harassment policy in a student handbook is not a binding contact). So too elsewhere. *Accord Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020) (student grievance policies and procedures are not a contract); *Gibson v. Walden Univ., LLC*, 66 F. Supp. 3d 1322, 1324 (D. Or. 2014) (University student handbook not a contract); *Rollins v. Cardinal Strich Univ.*, 626 N.W.2d 464, 471 (Minn. Ct. App. 2001) (same); *Cook v. Talladega Coll.*, 908 F. Supp. 2d 1214, 1224 (N.D. Ala. 2012) (same); *Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 218 (D.N.H.

## CONCLUSION

For all the foregoing reasons, the University's Motion should be granted in part, and the breach of contract claim should be dismissed, with prejudice.

Dated: April 12, 2023                               Respectfully Submitted,


/s/ Joshua W.B. Richards
Joshua W.B. Richards (Special Appearance)
Douglas A. Sampson (Special Appearance)
SAUL EWING LLP
Centre Sq. West, 1500 Market St.
38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com

and

William K. Davis (NCSB No. 01117)
Alan M. Ruley (NCSB No. 16407)
Mark A. Jones (NCSB No. 36215)
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendant Wake Forest University*

---

2009) (student handbook not a contract); *Dvoret v. Maricopa Cnty. Cmty. Colleges*, No. CIV. 03-2133 PHXVAM, 2006 WL 1600132, at *10 (D. Ariz. June 5, 2006) (community college student handbook is not a contract because college may modify its contents with or without consent).

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of April, 2023, a copy of the foregoing Reply in Support of Wake Forest University's Motion to Dismiss was served on all counsel of record via the court's ECF system

                                              */s/ Douglas A. Sampson*
                                            Douglas A. Sampson (Special Appearance)