IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>WAKE FOREST UNIVERSITY,<br><br>          Defendant. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Case No. 1:23-cv-00114-KDB-SCR |

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and highly sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, all Parties recognize the impact that the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, & 34 CFR Part 99 ("FERPA"), may have on the orderly conduct of discovery in this case and wish to establish a protocol for addressing such issues, both prophylactically and as they arise;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential material that consists of:

    a. the name(s) of plaintiff and/or non-party students and/or former students, as well as material whose content could reasonably lead a third-party to discover those individuals' identities;

    b. any information of a personal or intimate nature regarding any individual; or

    c. any other category of information this Court subsequently affords confidential status.

3. With respect to Discovery Material falling under (2)(a) above that contains personally-identifying information about a current or former Wake University student, information sufficient to prevent the identification of such students shall be redacted from the Discovery Material by the Party publicly filing it, including the student's name, identifying numbers, addresses, phone numbers, and the like. While FERPA does not provide privacy protections for a student who brings legal action against his/her college or university, *see* 34 CFR 99.31(a)(9)(iii)(B), the Parties nevertheless agree to the redaction of all publicly-filed records pertaining to all students and former students whose personally-identifiable information may be at issue in this lawsuit, including Plaintiff John Doe.

2

4. As to any current or former Wake Forest University students identified as persons with discoverable information by either Party in the Rule 26 Initial Disclosures exchanged on April 7, 2023, the University shall promptly comply with the notice requirements in 34 CFR 99.31(9)(ii) and alert such students that information pertaining to them is likely to be the subject of discovery in this civil action and should they wish to object to production of personally-identifying information pertaining to them, they should do so promptly. On or after 14 days have passed after such notices were sent, the University may disclose the information or documents containing personally-identifying information about such students without redaction provided it has not received notice of objections from the students or former students. In the event a current or former Wake Forest University student objects to the production of any information or documents, Wake Forest's counsel will notify Plaintiff's counsel of such objection within three days.

5. Prior to disclosure of any information or documents related to any students or former students <u>not identified</u> in the Parties' respective Initial Disclosures, the University will make a reasonable effort to provide notice to the students or former students of the discovery requests pertaining to them, so that the student or former students may seek a protective order if they so wish. On or after 14 days have passed after the notices were sent, the University may disclose the information or documents containing personally-identifying information about such students without redaction provided it has not received notice of objections from the students or former students. In the event a current or former Wake Forest University student objects to the production of any information or documents, Wake Forest's counsel will notify Plaintiff's counsel of such objection within three days.

6. If either Party deems it is necessary to file unredacted versions of the information or documents subject to FERPA as described in this Order, such information and documents shall

be filed UNDER SEAL, with a courtesy copy of any documents filed under seal provided to all other counsel and to the Court.

7. With respect to the Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

8. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

9. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

4

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons: (a) counsel for the parties, including counsel's staff (e.g. paralegals); (b) plaintiff; (c) current or former employees, consultants, or agents of Wake Forest University who have a legitimate reason related to this litigation to be provided this information; and (d) experts or consultants retained by any party in this matter.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any personal, business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, attorneys for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24. Consistent with Section III.G of the Court's Pretrial Order and Case Management Plan, the Parties agree that any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any

filing to be made under seal is subject to applicable law. (*See, e.g.*, Local Rule 6.1 of the Western District of North Carolina).

SO ORDERED.　　　　Signed: April 18, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

SO STIPULATED AND AGREED.


/s/ *Tara J. Davis*　　　　　　　　　　　　　　　/s/*Joshua W. B. Richards*　　　　　　　　
Andrew Miltenberg (*Special Appearance*)　　Joshua W.B. Richards (*Special Appearance*)
Stuart Bernstein (*Special Appearance*)　　　Douglas A. Sampson (*Special Appearance*)
Tara Jill Davis (*Special Appearance*)　　　　SAUL EWING LLP
NESENOFF & MILTENBERG, LLP　　　　　　Centre Sq. West, 1500 Market St.
363 SEVENTH AVENUE, 5TH FLOOR　　　　38th Floor
NEW YORK, NY 10001　　　　　　　　　　　Philadelphia, PA 19102
212-736-4500　　　　　　　　　　　　　　　　215-972-7737
amiltenberg@nmllplaw.com　　　　　　　　　joshua.richards@saul.com
sbernstein@nmllplaw.com　　　　　　　　　　douglas.sampson@saul.com
tdavis@nmllplaw.com

　　　　　　　　　　　　　　　　　　　　　　　　and

Robert C. Ekstrand
EKSTRAND & EKSTRAND, LLP　　　　　　　William K. Davis (NCSB No. 01117)
110 Swift Ave., 2nd Fl.　　　　　　　　　　　Mark A. Jones (NCSB No. 36215)
Durham, NC 27705　　　　　　　　　　　　　Alan M. Ruley (NCSB No. 16407)
919-416-4590　　　　　　　　　　　　　　　　BELL, DAVIS & PITT, P.A.
rce@ninthstreetlaw.com　　　　　　　　　　　P.O. Box 21029
　　　　　　　　　　　　　　　　　　　　　　　　Winston-Salem, NC 27120
　　　　　　　　　　　　　　　　　　　　　　　　336-722-3700
　　　　　　　　　　　　　　　　　　　　　　　　wdavis@belldavispitt.com
　　　　　　　　　　　　　　　　　　　　　　　　mjones@belldavispitt.com
　　　　　　　　　　　　　　　　　　　　　　　　aruley@belldavispitt.com