**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JOHN DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Case No. 1:23-cv-114 |
| | : |
| WAKE FOREST UNIVERSITY, | : |
| | : |
| Defendant. | : |

**DEFENDANT WAKE FOREST UNIVERSITY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Wake Forest University (the "University"), by and through its undersigned counsel, responds to the Complaint ("Complaint") of John Doe ("Plaintiff") in the above-captioned action, and in support thereof, avers as follows:

The University denies each and every allegation, statement, matter, and thing contained in Plaintiff's Complaint except as hereinafter expressly admitted or alleged. The repetition of some of the Complaint's subheadings below is done solely for organizational purposes and is not an admission as to their truth.

## THE NATURE OF THIS ACTION

1.     The University admits that on February 7, 2023, Plaintiff filed a Complaint against the University, the contents of which speak for themselves. Except as admitted, denied.

2.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

3.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

4.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

5.    The University admits that Jane Roe filed a formal Title IX complaint against John Doe in April 2022, the contents of which speak for themselves.

6.    The University admits that it sent John Doe a "Notice of Allegations (Updated)" on September 1, 2022, the contents of which speak for themselves.  Except as admitted, denied.

7.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

8.    The University admits that Jessica Telligman conducted an investigation.  The University denies the remaining allegations in this Paragraph.

9.    The University admits that Dixie Wells was the hearing officer for a hearing held on November 29, 2022.  The University denies the remaining allegations in this Paragraph.

10.    Admitted.

11.    The University admits that Plaintiff was suspended from the University for one year.  The University denies the remaining allegations in this Paragraph.

12.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

## THE PARTIES

13.     Admitted, upon information and belief.

14.     Admitted.

15.     The University admits that it receives federal funding. The remaining allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

## JURISDICTION AND VENUE

16.     The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

17.     The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

18.     The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19.     Admitted, upon information and belief.

20.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

21.     Admitted.

22.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

23.     Admitted.

24.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

25.     Admitted.

26.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

27.     Admitted.

28.     Admitted.

29.     Denied as written.  The definition of sexual misconduct is broader than stated in this Paragraph.  The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

30.     Denied as written.  The definition of Non-Title IX Sexual/Gender-Based Harassment is broader than stated in this Paragraph.  The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

31.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

32.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

33.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

34.     Admitted.

35.     Admitted

36.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

37.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

38.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

39.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

40.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

41.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

42.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

43.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

44.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

45.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

46.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

47.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

48.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

49.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

50.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

51.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

52.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

53.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

54.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

55.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

56.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

57.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

58.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

59.     The University's policies are written documents that speak for themselves.  All

characterizations of those documents are denied.

60. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

61. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

62. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

63. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

64. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

65. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

66. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

67. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

68. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

69. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

70. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

71.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

72.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

73.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

74.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

75.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

76.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

77.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

78.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

79.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

80.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

81.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

82.     The University's policies are written documents that speak for themselves.  All

characterizations of those documents are denied.

83.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

84.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

85.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

86.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

87.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

88.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

89.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

90.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

91.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

92.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

93.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

94.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

95.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

96.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

97.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

98.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

99.     The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

100.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

101.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

102.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

103.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

104.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

105.    The University's policies are written documents that speak for themselves.  All

characterizations of those documents are denied.

106.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

107.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

108.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

109.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

110.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

111.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

112.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

113.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

114.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

115.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

116.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

117.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

118.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

119.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

120.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

121.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

122.    The University's policies are written documents that speak for themselves.  All characterizations of those documents are denied.

123.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

124.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

125.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

126.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University

denies the allegations.

127.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

128.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

129.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

130.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

131.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

132.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

133.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

134.    The University lacks information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

135.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

136.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

137.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

138.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

139.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

140.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

141.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

142. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

143. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

144. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

145. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

146. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

147. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

148. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

149. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University

denies the allegations.

150. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

151. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

152. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

153. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

154. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

155. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

156. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

157. The University lacks information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

158. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

159. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

160. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

161. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

162. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

163. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

164. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

165.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

166.    The University admits that Aishah Casseus sent John Doe a "Notice of Allegations" on April 13, 2022, the contents of which speak for themselves.  Except as admitted, denied.

167.    The University admits that Aishah Casseus sent John Doe a "Notice of Allegations" on April 13, 2022, the contents of which speak for themselves.  Except as admitted, denied.

168.    The University admits that Aishah Casseus sent John Doe a "Notice of Allegations" on April 13, 2022, the contents of which speak for themselves.  Except as admitted, denied.

169.    The formal complaint is a document, the contents of which speak for themselves. All characterizations of the document are denied.  Except as admitted, denied.

170.    The formal complaint and "Notice of Allegations" are documents, the contents of which speak for themselves.  All characterizations of the documents are denied.  Except as admitted, denied.

171.    The "Notice of Allegations" is a document, the contents of which speak for themselves.  All characterizations of the document are denied.  Except as admitted, denied.

172.    Admitted.

173.    Denied as written.  The University admits that on April 14, 2022, Ms. Casseus sent Plaintiff an email, in which she stated that Jane Roe "was interested in Adaptive Resolution."

174.    Admitted.

175.    The University admits that Jessica Telligman is the Assistant Director of the University's Title IX Office. The University further admits that Jessica Telligman served as the Investigator of Jane Roe's complaint. The University denies the remaining allegations in this Paragraph.

176.    Denied.

177.    Admitted.

178.    Admitted.

179.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

180.    The University admits that in August 2022, Jane Roe notified Aishah Casseus that she was withdrawing from the adaptive resolution process. The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph. To the extent a response is required, the University denies the allegations.

181.    The University admits that on August 19, 2022, Ms. Casseus sent an email to John Doe, his mother, and his advisor, the contents of which speak for themselves. All characterizations of the document are denied.

182.    Admitted.

183.    The University admits that on August 29, 2022, Ms. Casseus sent Plaintiff a letter with the subject line "Re: Mutual No Contact Order" the contents of which speak for themselves. All characterizations of the document are denied.

184.    Admitted.

185.    Admitted.

186.    The University admits that on September 1, 2022, Ms. Casseus sent Plaintiff a letter with the subject line "Re: Notice of Allegations (Updated)" the contents of which speak for themselves.  All characterizations of the document are denied.  Except as admitted, denied.

187.    The University admits that on September 1, 2022, Ms. Casseus sent Plaintiff a letter with the subject line "Re: Notice of Allegations (Updated)" the contents of which speak for themselves, and which contains the quotation alleged in paragraph 187 of the Complaint.  All characterizations of the document are denied.  Except as admitted, denied.

188.    The University admits that on September 1, 2022, Ms. Casseus sent Plaintiff a letter with the subject line "Re: Notice of Allegations (Updated)" the contents of which speak for themselves.  All characterizations of the document are denied.  Except as admitted, denied.

189.    The University admits that on September 1, 2022, Ms. Casseus sent Plaintiff a letter with the subject line "Re: Notice of Allegations (Updated)" the contents of which speak for themselves.  All characterizations of the document are denied.  Except as admitted, denied.

190.    Admitted.

191.    Jessica Telligman's interviews with Jane Roe were transcribed contemporaneously and were provided to Plaintiff.  The contents of those transcripts speak for themselves.  All characterizations of those transcripts are denied.  Except as admitted, denied.

192.    Jessica Telligman's interviews with Jane Roe were transcribed contemporaneously and were provided to Plaintiff.  The contents of those transcripts speak for themselves.  All characterizations of those transcripts are denied.  Except as admitted, denied.

193.    Denied.

194.    Admitted.

195.    The University admits that John Doe presented evidence of a polygraph examination, the contents of which speak for themselves.  The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint.  To the extent a response is required, those allegations are denied.

196.    The University admits that John Doe presented evidence of a polygraph examination, the contents of which speak for themselves.  The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint.  To the extent a response is required, those allegations are denied.

197.    Admitted.

198.    The University admits that John Doe presented evidence of a polygraph examination, the contents of which speak for themselves.  The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint.  To the extent a response is required, those allegations are denied.

199.    Admitted.

200.    Admitted.

201.    Admitted.

202.    The Title IX Investigation Report is a document, the contents of which speak for themselves.  Characterizations of the document are denied.  Except as admitted, denied.

203.    Admitted.

204.    The University admits that the Report included all medical records provided to Jessica Telligman.

205.    Admitted.

206.    The medical record is a document, the contents of which speak for themselves.

Characterizations of the document are denied. Except as admitted, denied.

207.    The Title IX Investigation Report is a document, the contents of which speak for themselves. Characterizations of the document are denied. Except as admitted, denied.

208.    The medical record and Title IX Investigation Report are documents, the contents of which speak for themselves. Characterizations of the documents are denied. Except as admitted, denied.

209.    The medical record and Title IX Investigation Report are documents, the contents of which speak for themselves. Characterizations of the documents are denied. Except as admitted, denied.

210.    Jessica Telligman's interviews with Jane Roe were transcribed contemporaneously and were provided to Plaintiff. The contents of those transcripts speak for themselves. All characterizations of those transcripts are denied. Except as admitted, denied.

211.    Jessica Telligman's interviews with Jane Roe were transcribed contemporaneously and were provided to Plaintiff. The contents of those transcripts speak for themselves. All characterizations of those transcripts are denied. Except as admitted, denied.

212.    Jessica Telligman's interviews with Jane Roe were transcribed contemporaneously and were provided to Plaintiff. The contents of those transcripts speak for themselves. All characterizations of those transcripts are denied. Except as admitted, denied.

213.    The Title IX Investigation Report and Outcome Letter are documents, the contents of which speak for themselves. Characterizations of the documents are denied. Except as admitted, denied.

214.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

215.     Denied.

216.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

217.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

218.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

219.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

220.     Denied.

221.     The University admits that on November 1, 2022, Aishah Casseus sent Plaintiff a letter with the subject line "Re: Hearing Information," the contents of which speak for themselves.  Any characterizations of the document are denied.  Except as admitted, denied.

222.     Admitted.

223.     Denied.

224.     The University lacks information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

225. Denied.

226. Admitted.

227. Admitted.

228. Denied.

229. Denied.

230. Admitted.

231. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

232. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

233. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

234. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

235. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

236. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

237. The contents of the Outcome Letter speak for themselves. The University admits that the Outcome Letter stated that Plaintiff's assessment of Jane Roe's condition: "indicates an overall lack of attention to and recognition of Claimant's condition during the evening on

October 15, 2021, and in the early hours of October 16, 2021." Except as admitted, denied.

238. Denied.

239. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

240. Admitted.

241. Admitted.

242. The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

243. Admitted.

244. Admitted.

245. Admitted.

246. Plaintiff's appeal is a document, the contents of which speaks for themselves. Characterizations of the documents are denied. Except as admitted, denied.

247. Admitted in part and denied in part. The appeal officer appointed to hear John's appeal was Howard Kallem. Except as clarified, admitted.

248. Howard Kallem issued an "Appellate Decision" dated January 23, 2023, the contents of which speak for themselves. Characterizations of the document are denied. Except as admitted, denied.

249. Admitted.

250. The University admits that Plaintiff is suspended, and may not return to campus before January 2, 2024. Except as admitted, denied.

251. The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

256. Denied.

257. Denied.

258. Denied.

259. Denied.

**COUNT I**
**Violation of 20 U.S.C. § 1681 et seq.-Title IX-Erroneous Outcome**

260. The University incorporates by reference its answers to the preceding Paragraphs above as though fully set forth herein.

261. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

262. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

263. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

264. The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

265.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

266.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

267.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

268.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

269.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

270.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

271.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

272.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the

University denies the allegations.

273.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

274.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

275.     Denied.

276.     Denied.

277.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

278.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

279.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

280.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

281.     Denied.

282.     The University lacks information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

283.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

284.     The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

285.     The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

286.     The University admits that new Title IX regulations were passed in May 2020, and took effect on August 12, 2020.

287.     The allegations in this Paragraph are not directed at the University and, therefore, no response is required. To the extent a response is required, the allegations are denied.

288.     The allegations in this Paragraph are not directed at the University and, therefore, no response is required. To the extent a response is required, the allegations are denied.

289.     The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

290.     The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

291.     The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

292.    The University admits that it receives federal funding.  The remaining allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

293.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

294.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

295.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

296.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

297.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308. Denied.

309. Denied.

310. Denied.

311. Denied.

312. Denied.

313. The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the testimony are denied. Except as admitted, denied.

314. Denied.

315. The transcripts of interviews with Jane Roe are documents, the contents of which speak for themselves. All characterizations of those transcripts are denied. Except as admitted, denied.

316. Denied.

317. Denied.

318. Denied.

319. Denied.

320. Admitted.

321. Admitted.

322. The University's policies are written documents that speak for themselves. All characterizations of those documents are denied.

323. Denied.

324. Denied.

325. The University admits that Plaintiff and Jane Roe gave opening statements before

witness testimony. The University denies the remaining allegations in this Paragraph.

326. Admitted.

327. Denied.

328. Denied.

329. Denied.

330. Denied.

331. Denied.

332. Denied.

333. The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

334. Denied.

335. Denied.

336. Denied.

337. The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

338. Denied.

339. Denied.

340. The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the testimony are denied.

341. The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the testimony are denied.

342. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

343.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

344.    The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the testimony are denied.

345.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

346.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

347.    The contents of the Outcome Letter speak for themselves. Characterizations of the Outcome Letter are denied. Except as admitted, denied.

348.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

349.    The contents of the medical records speak for themselves. Characterizations of the medical records are denied.

350.    The transcripts of interviews with Jane Roe are documents, the contents of which speak for themselves. All characterizations of those transcripts are denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    The University lacks sufficient knowledge or information to form a belief about the allegations in this Paragraph. To the extent a response it required, the allegations are denied.

356.    Denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364.    The transcripts of interviews with Jane Roe are documents, the contents of which speak for themselves.  All characterizations of those transcripts are denied.

365.    The contents of the Outcome Letter speak for themselves.  Characterizations of the Outcome Letter are denied.

366.    Denied.

367.    The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves.  Characterizations of the testimony are denied.

368.    The transcript of the testimony at the November 29, 2022 hearing is a document, the contents of which speak for themselves.  Characterizations of the testimony are denied.  The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

369.    Denied..

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

377.    Denied.

378.    Denied.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    The allegations in this Paragraph state conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

386.    Denied.

387.    Denied as stated.  The University admits that a protest was held on August 28, 2021.  The remaining allegations in this Paragraph are denied.

388.    Denied.

389.    The Change.org petition is a document, the contents of which speak for themselves.  Characterizations of the document are denied.

390.    The Change.org petition is a document, the contents of which speak for themselves.  Characterizations of the document are denied.

391.    The Change.org petition is a document, the contents of which speak for

themselves.  Characterizations of the document are denied.

392.    The Change.org petition is a document, the contents of which speak for themselves.  Characterizations of the document are denied.

393.    The Change.org petition is a document, the contents of which speak for themselves.  Characterizations of the document are denied.

394.    Admitted.

395.    The survey and its results are documents, the contents of which speak for themselves.  Characterizations of the documents are denied.

396.    Admitted.

397.    Denied.

398.    Denied.

399.    Denied.

400.    Denied.

401.    Denied.

## COUNT II
## Breach of Contract

402.    The University incorporates by reference its answers to the preceding Paragraphs above as though fully set forth herein.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

408.    Denied.

409.    Denied.

410.    Admitted.

411.    Admitted.

412.    Admitted.

413.    Denied.

414.    Denied.

415.    Denied.

416.    The University admits that Plaintiff agreed to participate in Adaptive Resolution. The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the remaining allegations.

417.    The University lacks information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

418.    Denied.

419.    Denied.

420.    Denied as stated.  The allegations in this Paragraph quote Section 2A.16 of the Procedures.

421.    Denied as stated.  The allegations in this Paragraph quote Section 2A.17 of the Procedures.

422.    Denied.

423.    Admitted that Plaintiff's first interview with Jessica Telligman was on or about September 8, 2022.

424.    Denied.

425.    Denied.

426.    Admitted.

427.    Admitted.

428.    Denied.

429.    Denied.

430.    Denied.

431.    The University admits that Plaintiff and Jane Roe gave opening statements before witness testimony.  The University denies the remaining allegations in this Paragraph.

432.    Admitted.

433.    Denied.

434.    Denied.

435.    Denied.

436.    Denied.

437.    Denied.

438.    Denied.

439.    Denied.

440.    Denied.

441.    The allegations in this Paragraph contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

442. Denied.

443. The allegations contained in this Paragraph contain conclusions of law, which require no response. To the extent a response is required, the University denies the allegations.

444. Denied.

445. Denied.

446. The transcript of the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the hearing are denied.

447. The transcript of the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the hearing are denied.

448. The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

449. The transcript of the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the hearing are denied.

450. The transcript of the November 29, 2022 hearing is a document, the contents of which speak for themselves. Characterizations of the hearing are denied.

451. The allegations in this Paragraph state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

452. Admitted.

453. Admitted.

454. It is admitted that John alleged to Telligman that he had experienced conduct by other students that he believed was retaliatory. Except as admitted, denied.

455. The University admits that Plaintiff sent an email to Jessica Telligman on October 19, 2022, the contents of which speak for themselves. Characterizations of that email are denied.

The University lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint. To the extent a response is required, the University denies the allegations.

456.	Jessica Telligman's interviews with Plaintiff were transcribed contemporaneously. The contents of those transcripts speak for themselves. All characterizations of those transcripts are denied.  Plaintiff's emails are documents, the contents of which speak for themselves.  All characterizations of those documents are denied.

457.	Denied.

458.	Plaintiff's emails with Dead Settle on December 1, 2022 and December 15, 2022 are documents, the contents of which speak for themselves.  The remaining allegations in this Paragraph are denied.

459.	Denied.

460.	Denied.

461.	Denied.

462.	Denied.

463.	Denied.

464.	Denied.


The allegations set forth in Plaintiff's wherefore clause contain conclusions of law and claims for relief to which no response is required.  Further, the University expressly denies that Plaintiff is entitled to any relief.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant Wake Forest University respectfully demands that: (1) the Complaint be dismissed with prejudice; (2) that

Plaintiff be awarded no damages; (3) that the University be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and (4) that the Court award such other and fair relief as is just and proper.

## **AFFIRMATIVE DEFENSES**

The University states and alleges the following affirmative defenses to the Complaint:

1. The Complaint, and each cause of action thereof, fails to allege facts sufficient to state a cause of action against the University upon which relief can be granted.

2. Plaintiff's' injuries, if any, were the result, in whole or in part, of Plaintiff's own negligence, fault, or other wrongful act or omission.

3. Plaintiff's damages, if any, were caused of contributed to by the negligence, fault, or wrongful acts or omissions of persons or entities that the University did not have control or right of control over and for whom the University is not responsible.

4. The University acted reasonably and in good faith at all times with regard to the decisions at issue in the Complaint.

5. The University complied at all times with its written policies and procedures and the law.

6. The University did not discriminate against any Plaintiff on the basis of his gender, or any other protected class.

7. The University's acts or omissions as alleged in the Complaint were undertaken in good faith and without malice.

8. Plaintiff failed to mitigate his damages.

9. The University reserves the right to assert additional defenses if any become evident through discovery or investigation.

**WHEREFORE**, the University requests judgment in its favor and against Plaintiff, together with all other relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

The University requests a jury trial for all issues so triable.


Dated: May 12, 2023

*/s/ Joshua W.B. Richards*

Joshua W.B. Richards (Special Appearance)
Douglas A. Sampson (Special Appearance)
SAUL EWING LLP
1500 Market St., 38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com

and

William K. Davis (NCSB No. 01117)
Alan M. Ruley (NCSB No. 16407)
Mark A. Jones (NCSB No. 36215)
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendant Wake Forest University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2023, a true and correct copy of the foregoing Subpoena

for Documents was served via email upon:

Andrew Miltenberg
Stuart Bernstein
Tara Jill Davis
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001
212-736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
tdavis@nmllplaw.com

and

Robert C. Ekstrand
EKSTRAND & EKSTRAND, LLP
110 Swift Avenue, Second Floor
Durham, NC 27705
919-416-4590
rce@ninthstreetlaw.com

*Counsel for Plaintiff John Doe*

*/s/ Douglas A. Sampson*