# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,

    **Plaintiff,**

**v.**

**WAKE FOREST UNIVERSITY**

    **Defendant,**

)
)
)
)
) **Case No: 1:23-CV-114**
)
)
)
)

---

## MEMORANDUM OF LAW IN SUPPORT OF JOHN FITZGERALD'S MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR EXTENSION OF TIME TO MAKE OBJECTION TO SUBPOENA

---

This memorandum is filed in support of John Fitzgerald's motion to Quash, pursuant to Fed. R. Civ. P. 45; motion for protective order, pursuant to Fed. R. Civ. P. 26; and motion for extension of time to object to subpoena, pursuant to Fed. R. Civ. P. 6 and Fed. R. Civ. P. 45.

## <u>INTRODUCTION</u>

The present case involves a Title IX claim being made by John Doe against Wake Forest University (the "University").

1

Counsel for the University recently sent a subpoena to John Fitzgerald ("Fitzgerald"). [See subpoena, attached hereto as Exhibit 1]. Fitzgerald is a lawyer, practicing in Winston-Salem, NC. [See Affidavit of John E. Fitzgerald, attached hereto as Exhibit 2]. He is not a party to this case. He simply served as legal counsel to John Doe with respect to the Title IX hearing at issue in the present matter. [Id.] The subpoena that he received is overly broad, oppressive, unduly burdensome, purports to require Fitzgerald to produce protected file materials on or before May 29, 2023, and is otherwise defective as will be discussed further in this memorandum.

The subpoena demands production of the following:

*(1) All documents and communications related to the Title IX complaint filed by Jane Roe against John Doe, and the subsequent investigation and hearing.*

*(2) All communications between you and John Doe related to the subject matter of the Complaint.*

*(3) All communications between or among you and any of John Doe's family members related to the subject matter of the complaint.*

*(4) All communications between you and any other representative of John Doe.*

*(5) All communications you had with any member of the University's Title IX office, including but not limited to Jessica Telligman, Aishah Casseus, and Olivia Bray, as well as any documents referencing or relating to such communications.*

*(6) All communications between you and any professional or third party advisor or expert related to the Title IX hearing, including but not limited to Andrew Goldstein and or any other polygraph examiner.*

*(7) All documents related to the Title IX hearing at the University on or about November 29, 2022 including, but not limited to, your role as John Doe's advisor during the investigation, your participation in the hearing on or about November 29 2022, and the appeal filed by John Doe of the final outcome letter issued by hearing officer Dixie Wells.*

*(8) Any other documents or communications related to the allegations in the Complaint the Title IX investigation and hearing related to John Doe, or your involvement in those matters.*

Because Fitzgerald was John Doe's attorney, he has ethical obligations to protect the confidential information that is being subpoenaed. He cannot simply comply with the subpoena. Rule 1.6 of the North Carolina Rules of Professional Conduct ("Rule 1.6") prevents Fitzgerald from revealing "*information acquired during the professional relationship with a client*". Of course, the restrictions placed by Rule 1.6 require protection of documents that may be privileged, contain work product, and/or that were prepared in anticipation of trial (hearing). However, the restriction is broader than that. Rule 1.6 broadly prevents disclosure of all "*information acquired during the professional relationship with a client*". Due to the sweeping restrictions of Rule 1.6, Fitzgerald does not believe that he can even provide a privilege log at this time. As such, he moves the court to quash the subpoena pursuant to Fed. R. Civ. P. 45.

Fitzgerald understands that Rule 1.6(b) allows for this Court to enter an order relieving him of the obligations imposed by Rule 1.6(a). However, he respectfully requests that the Court decline to do so. Even if this Court removed the obligations of Rule 1.6,

3

Fitzgerald maintains that the subpoena should be quashed, pursuant to Fed. R. Civ. P. 45, for other reasons. In support of same, he argues that the subpoena fails to allow reasonable time for compliance; requires compliance beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter; and subjects him to undue burden. Consequently, Fitzgerald requests that the subpoena be quashed entirely. Alternatively, if this Court is not inclined to quash the subpoena entirely, and should this Court enter an order removing the constraints of Rule 1.6, Fitzgerald still asks that it modify the subpoena and grant Fitzgerald additional time (through June 30, 2023) to prepare a privilege log and otherwise respond.

Fitzgerald further seeks a protective order, pursuant to Fed. R. Civ. P. 26, because the subpoena is oppressive, unduly burdensome, and expensive. The subpoena also seeks trial preparation materials, work product, and other confidential documentation that is protected by Fed. R. Civ. P. 26. As such, Fitzgerald seeks a protective order that makes clear he has no further obligation to respond to the subpoena. Alternatively, if the Court requires further response, Fitzgerald seeks an order allowing additional time (through June 30, 2023) to prepare a privilege log and to otherwise respond. He also seeks a stay of the deadline for production stated in the subpoena while these motions are being considered by this Court.

In short, Fitzgerald seeks relief from this overreaching subpoena[1].

---

[1] The undersigned, and counsel for the University, discussed possible resolution of these issues but were unsuccessful.

<h1 align="center"><u>RELEVANT LEGAL AUTHORITY</u></h1>

**Rule 1.6 of the North Carolina Rules of Professional Conduct:**

Rule 1.6(a) of the North Carolina Rules of Professional Conduct states: "A lawyer shall not reveal *information acquired during the professional relationship with a client* (emphasis added)…" [2]

**Rule 45 of the Federal Rules of Civil Procedure:**

Fed. R. Civ. P. 45(d)(3) of the Federal Rules of Civil Procedure states, in pertinent part: "…the court…must quash or modify a subpoena that: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

**Rule 26 of the Federal Rules of Civil Procedure:**

Fed. R. Civ. P. 26(b)(2)(C) states, in pertinent part, "… On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonable cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…".

Fed. R. Civ. P. 26(b)(3) protects trial preparation materials and/or work product.

Fed. R. Civ. P. 26(c)(1) states that a court may protect a person from annoyance, embarrassment, oppression, or undue burden or expense.

---

[2] LR83.10e(b), M.D.N.C. indicates that the North Carolina Rules of Professional Conduct are applicable.

**Attorney Client Privilege:**

Federal common law generally controls privilege claims in federal courts where the claim or defense is governed by Federal Law (i.e. Title IX) (see Fed. R. Evid. 501). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law," *Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); see also United States v. Aramony, 88 F.3d 1369, 1389 (4th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997),* and "rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out," *Trammel v. United States, 445 U.S. 40, 51, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980).* The protection of "full and frank" communication between lawyer and client "encourages observance of the law and aids in the administration of justice." *Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985).* Therefore, when the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure. *See United States v. (Under Seal), 748 F.2d 871, 874 (4th Cir.1984) (stating that attorney-client privilege protects from revelation the substance of confidential client communications), vacated in part on other grounds, 757 F.2d 600 (4th Cir.1985).*

The Fourth Circuit has held that attorney-client privilege exist if: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates

6

to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *United States v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982) (quoting United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358-59 (D.Mass.1950)).*

**Work Product:**

The work product privilege protects the work of an attorney done in preparation for litigation. The rule has been codified in Federal Rule of Civil Procedure 26(b)(3). The Supreme Court's decision in *Hickman v. Taylor, 329 U.S. 495, 509-14, 67 S.Ct. 385, 392-95, 91 L.Ed. 451 (1947),* also guides work product doctrine analysis. The Hickman Court wrote: Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney. *See Hickman, 329 U.S. at 510, 67 S.Ct. at 393.*

The Fourth Circuit has analyzed the work product privilege in two contexts--fact work product and opinion work product. Both are generally protected and can be discovered only in limited circumstances. *Fact* work product can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. *In re John Doe, 662 F.2d 1073, 1080 (4th Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). Opinion* work product is even more protected as it represents the actual thoughts and

impressions of the attorney, and the protection can be claimed by the client or the attorney. Id. at 1079-80.

## ARGUMENTS

### I. MOTION TO QUASH - Fed. R. Civ. P. 45

**A.** **The subpoena directed to Fitzgerald should be quashed, pursuant to Fed. R. Civ. P. 45, and Fitzgerald should be relieved of any obligation to further respond to same.**

Rule 1.6 makes clear that Fitzgerald is required to protect confidential information *acquired during the representation of John Doe*. As such, the subpoena should be quashed on that basis alone.

The obligations of Rule 1.6 extend far beyond simply protecting privileged information because information *acquired during the representation of John Doe* may not necessarily be "privileged", but still acquired while Fitzgerald represented John Doe. The subpoena at issue clearly seeks information that Fitzgerald *acquired during the representation of John Doe*. In fact, each of the 8 categories of documents referenced in the subpoena demands such.

Fed. R. Civ. P. 45(d)(3) states that the Court **must** (emphasis added) quash or modify a subpoena that "…(iii) requires disclosure of privileged or **other protected matter** (emphasis added), if no exception or waiver[3] applies…". Because Rule 1.6 makes

---

[3] Pursuant to Rule 1.6(b), John Doe could waive Fitzgerald's obligation to protect information *acquired during the representation of John Doe*. However, he has not done so.

clear that the subpoenaed materials are protected matter, the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(d)(3).

Admittedly, Rule 1.6 (b) of the North Carolina Rules of Professional Conduct indicates that this Court may *order* a lawyer to produce disclosure of information *acquired during the professional relationship with a client*. Clearly, this Court could relieve Fitzgerald of the broad obligation imposed by Rule 1.6(a) and then order Fitzgerald to prepare a privilege log for evaluation of privilege and work product concerns. However, there is no reason for the Court to do so in this case. Rather, it seems more appropriate to allow the parties to engage in discovery. If a request for these materials were sent to John Doe, he and his current attorney could make decisions regarding the objections to be made. After all, the client (John Doe) is the holder of the privilege. See *Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, In re, 33 F.3d 342 (4th Cir. 1991.*

If this Court were to enter an order overriding Rule 1.6, Fitzgerald still maintains the subpoena should be quashed because it fails to allow reasonable time for compliance; requires disclosure of privileged or other protected matter; and subjects him to undue burden. To better understand this argument, certain facts must be considered.

On April 28, 2023, counsel for the University asked Fitzgerald to accept the subpoena via email. [See Affidavit of John E. Fitzgerald]. He agreed. [Id.]. However, Fitzgerald did not know the breadth of the subpoena or realize the small window of time that would be created by accepting service via email. [Id.]. Fitzgerald left the next day for vacation and was out of the office between April 29, 2023 and May 8, 2023. [Id.]. Upon return, he faced significant staff turnover and the task of changing practice management

software and accounting software, in addition to his normal busy practice. [Id.]. However, he diligently began to gather the file materials subpoenaed. [Id.]. The file is now being bates stamped and it currently exceeds 1,000 pages. [Id.]. Fitzgerald is reviewing the materials subpoenaed. Complete review and analysis of each page of the file for privilege and work product protection will be extremely time consuming. Additionally, it will likely require communication with John Doe. Further, the documents contain highly sensitive information that, even if subject to production, would require redaction pursuant to the Stipulated Confidentiality Agreement and Protective Order entered in this case. [ECF 41]. All of this would come at great financial cost to Fitzgerald. Additionally, he will be required to spend significant time in this endeavor, taking him away from his other clients. Rule 45(d)(3) allows this Court to quash or modify the subpoena if it "*(i) fails to allow reasonable time to comply…or (iv) subjects a person to undue burden*". This subpoena does both.

Further, the subpoena creates an undue burden (and therefore violates Rule 45(d)(3)(A)(iv)) because a request for *all* documents *relating to a subject* is usually subject to criticism as overbroad since…all documents relate to others in some remote fashion. Such a request unfairly places the onus of production on the recipient of the request and not where it belongs—upon the person who drafted the request. *Champion Pro Consulting Group v. Impact Sports Football, Inc. (M.D.N.C. November 26, 2014).* The subpoena at issue in the present matter includes the following language: *(1)* <u>*All documents*</u> *and communications related to the Title IX complaint filed by Jane Roe against John Doe, and the subsequent investigation and hearing….(7)* <u>*All documents*</u> *related to the Title IX*

*hearing at the University on or about November 29 2022 including, but not limited to…*

*and (8) Any other documents or communications related to the allegations in the Complaint*

*the Title IX investigation and hearing related to John Doe, or your involvement in those*

*matters.* Fitzgerald contends that the language of the subpoena as drafted therefore makes

it unduly burdensome.

For all these reasons, Fitzgerald requests that the Court quash the subpoena in its

entirety.

**B.      Alternatively, if this Court requires Fitzgerald to respond further to the subpoena, he requests that the subpoena be modified, and that he be granted additional time to prepare a privilege log and otherwise respond.**

If this Court were to override Rule 1.6 and further decide that the reasons described

above are insufficient to totally quash the subpoena, Fitzgerald requests that the subpoena

be modified, pursuant to Fed. R. Civ. P. 45. In that case, and for the reasons stated above,

Fitzgerald requests that a modification include a deadline for production of a privilege log

by June 30, 2023. Additionally, he requests that the subpoena be modified to strike

categories (1), (7), and (8) because they are overly broad, oppressive, and unduly

burdensome as phrased. Additionally, the subpoena requires production in Philadelphia,

while Fitzgerald lives in North Carolina, and therefore violates Fed. R. Civ. P. 45(c)(2).

As such it should be modified in that regard.

Finally, if Fitzgerald is required to further respond, he requests that this Court

consider shifting the cost of compliance to the issuing party (the University) as allowed by

Fed. R. Civ. P. 45(d)(3)(C).

11

## II.    MOTION FOR PROTECTIVE ORDER - Fed. R. Civ. P. 26

**A.    Fitzgerald requests entry of a protective order, pursuant to Fed. R. Civ. P. 26, and seeks relief from any obligation to further respond to the subpoena.**

Fed. R. Civ. P. 26(c)(1) states that a court may protect a person from undue burden or expense.  Fed. R. Civ. P. 26(b)(2)(C) states, in pertinent part, "…the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonable cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…".

As described above (in Section I), this subpoena is unduly burdensome and expensive with respect to Fitzgerald.  Additionally, less burdensome avenues, and less expensive sources, exist for the University to pursue. Consequently, Fitzgerald believes that good cause exists for entry of a protective order and requests that this Court enter same, alleviating any obligation that he further respond to the subpoena. Further, Fitzgerald moves the Court for entry of a temporary stay of the subpoena's purported deadline, pending resolution of the motion.

**B.    Alternatively, if this Court requires Fitzgerald to respond further to the subpoena, he requests limitations be applied to the subpoena, and he seeks additional time to prepare a privilege log and otherwise respond.**

If this Court decides that the arguments are above are insufficient to support entry of a protective order totally relieving Fitzgerald of any further obligation to respond, Fitzgerald requests that the subpoena be modified (pursuant to Fed. R. Civ. P. 26) to include a deadline for production of a privilege log by June 30, 2023. Additionally, he requests that

12

the subpoena be modified to strike categories (1), (7), and (8) because they are overly broad, oppressive, and unduly burdensome as phrased.

### III.     MOTION FOR EXTENSION OF TIME TO OBJECT - Fed. R. Civ. P. 6 & 45

Fed. R. Civ. P. 45(d)(2) required an objection, if any, to the subpoena within 14 days of service.  This is separate and apart from any right of Fitzgerald to make the motion to quash, under Fed. R. Civ. P. 45(d)(3) and/or the motion for protective order under Fed. R. Civ. P. 26.  Those motions are timely and appropriate[4].  However, Fitzgerald moves the court, pursuant to Fed. R. Civ. P. 6, to retroactively extend the deadline for him to also "object" to the subpoena pursuant to Fed. R. Civ. P. 45(d)(2).

Fed. R. Civ. P. 6(b) allows this Court to extend Fitzgerald's deadline to object, on motion made after the time has expired, if he failed to act because of excusable neglect and if good cause exists.

As noted in the attached affidavit, Fitzgerald's failure to object thus far is excusable. Therefore, under the circumstances present in this matter, Fitzgerald asks this Court to extend his deadline to object in addition to considering these motions to quash and motion for protective order.

---

[4] As stated in Estate of Ungar v. Palestinian Authority, 451 F.Supp.2d 607 (S.D. N.Y. 2006)**,** "It is well settled that, to be timely, 'a **motion to quash** a subpoena must be made prior to the return date of the subpoena'. *See* Sony *Music Entertainment. Inc.,* 326 F.Supp.2d 556, 561 (S.D.N.Y. 2004); *In re Welling,* 40 F.Supp.2d 491, 491 (S.D.N.Y.1999); *cf. Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975) (permitting motion to quash one day after return date of subpoena where there was no evidence of prejudice to the other side)".

A **motion for protective order** is deemed timely if made before the subpoena's return date. See In re Coordinated Pretrial Proceedings in Petroleum Prods Antitrust Litig., 669 F.2d 620, 622 n. 2 (10th Cir. 1982).

## CONCLUSION

Based upon the foregoing, Fitzgerald submits that he should be relieved of any further obligation to respond to the subpoena. Alternatively, he seeks a modification of the subpoena, and an extended deadline to produce a privilege log, or otherwise respond, through June 30, 2023.

This the 24th day of May, 2023.

By: /s/ J. Chad Bomar
J. Chad Bomar (N.C. Bar No. 26484)
THE BOMAR LAW FIRM, PLLC
148 W. Water St.
Mocksville, NC 27028
Telephone: (336) 793-4371
Facsimile: (336) 793-4377
Email: cbomar@bomarfirm.com
*Counsel for John Fitzgerald*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this brief contains 3757 words as calculated by the word processing software used to create it; and therefore complies with LR7.3(d)'s limitation of 6250 words, excluding captions, signature blocks and certificates.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2023, I electronically filed **MEMORANDUM OF LAW IN SUPPORT OF JOHN FITZGERALD'S MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR EXTENSION OF TIME TO MAKE OBJECTION TO SUBPOENA** with the Clerk using the CM/ECF system, which constitutes service upon the following:

Joshua W.B. Richards
Douglas A. Sampson
Saul Ewing LLP
Center Sq. West, 1500 Market St.
38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com
*Counsel for Defendant Wake Forest University*

William K. Davis
Alan Ruley
Bell Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
*Counsel for Defendant Wake Forest University*

Andrew Miltenberg
Stuart Bernstein
Tara Jill Davis
Nesenoff&Miltonberg LLP
363 Seventh Ave, 5th Floor
New York, NY 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
tdavis@nmllplaw.com
*Counsel for Plaintiff John Doe*

Robert C. Ekstrand
Ekstrand & Ekstrand, LLP
110 Swift Avenue, Second Floor
Durham, NC 27705
919-416-4590
rce@ninthstreetlaw.com
*Counsel for Plaintiff John Doe*

By:   /s/ J. Chad Bomar
      J. Chad Bomar (N.C. Bar No. 26484)
      THE BOMAR LAW FIRM, PLLC
      148 W. Water St.
      Mocksville, NC 27028
      Telephone: (336) 793-4371
      Facsimile: (336) 793-4377
      Email: cbomar@bomarfirm.com
      *Counsel for John Fitzgerald*

16