# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| John Doe <br> *Plaintiff* <br> v. <br> Wake Forest University <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:23-cv-00114 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: John E. Fitzgerald; 114 S. Spruce Street, Winston-Salem, NC 27101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: SAUL EWING LLP <br> 1500 Market St., 38th Floor <br> Philadelphia, PA 19102 | Date and Time: <br> 05/29/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/28/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Joshua W.B. Richards <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Wake Forest University , who issues or requests this subpoena, are:

Joshua W.B. Richards    215-972-7737    joshua.richards@saul.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-00114

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 1:23-cv-114 |
| WAKE FOREST UNIVERSITY, | : |
| Defendant. | : |

**EXHIBIT A**
**TO SUBPOENA TO PRODUCE DOCUMENTS TO JOHN FITZGERALD**

Please follow these instructions and use the following definitions in responding to the Subpoena to Produce Documents ("Subpoena") served upon you by Wake Forest University in the above-captioned action:

**DEFINITIONS**

1. The terms "you" and "your" refer to the individual this subpoena for documents is directed to.

2. The term "John Doe" or "Doe" refers to the Plaintiff in the above-captioned action, including all his agents, representatives, or any others acting on his behalf.

3. The term "Complaint" refers to the complaint Plaintiff filed in this action on February 7, 2023.

4. The term the "University" refers to defendant Wake Forest University.

5. The term "Roe" refers to Jane Roe, the Claimant in the underlying Title IX matter against John Doe.

41518812.1

6. The terms "document" and/or "writing" have the same meaning and refer to information of any kind or description, fixed in any tangible medium, including originals, copies, all non-identical copies and all drafts, whether created by handwriting, typewriting, printing, photostatting, photographing, reproduction, magnetic impulse, mechanical recording, electronic recording, data retrieval system or otherwise. These terms include but are not limited to correspondence, letters, reports, statements, pamphlets, articles, questionnaires, books, workbooks, diaries, journals, transcripts, invoices, bills, notes, numbers, words, letters, drawings, sketches, blueprints, diagrams, charts, telephone records, electronic mail, computerized information, audiotapes, videotapes, digital video discs, school yearbooks, student directories, faculty directories and class pictures.

7. The term "communication" includes any actual or attempted transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium. These communications encompass your professional email accounts, any personal email accounts you used or have used, text messaging, and any other social media accounts, cell phone applications, or other methods of communication you have used since September 1, 2021.

8. The term "including" means including but not limited to.

9. The verb "relate" and its variants encompass the terms "refer," "reflect," "regard," "evidence," and "concern," and shall be construed to bring within the scope of the document request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of, the subject matter of the request, including all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, support, demonstrate, show, study, describe, analyze, embody, mention, contradict,

or result from the matter specified, or otherwise evidence the existence of the subject matter of the request.

10. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the document request all information that might otherwise be construed to be outside the scope of the request.

11. The terms "all," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of the document request all information that might otherwise be construed to be outside the scope of the request.

## INSTRUCTIONS

1. This subpoena requires production of all responsive documents to Saul Ewing LLP, 1500 Market St., 38th Fl., Philadelphia PA, 19102. You may instead provide responsive documents electronically by contacting Doug Sampson at [douglas.sampson@saul.com](mailto:douglas.sampson@saul.com), who will provide instructions for providing documents electronically.

2. This subpoena is intended to cover all documents relating to this civil action in your possession or custody or subject to your control.

3. This subpoena is continuing in nature. The designated books, papers, documents and/or tangible things requested are to be supplemented when subsequent or additional information is received by you, either directly or indirectly, after the date of the production.

4. If, in responding to this subpoena, you encounter any ambiguity construing either a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in answering.

5. If the requested documents are maintained in a file, please produce the file folder or container with the documents.

6. If you claim any form of privilege or discovery protection with regard to any document or portion thereof, whether based on a statute or otherwise, as a ground for not responding to any request for production or any portion thereof, or for not producing any document or portion thereof, set forth in your answers, with respect to each such document for which you claim such a privilege or protection, the following:

(i) The date of preparation of each such document;

(ii) The names of each of the authors of each such document, and all persons who received indicated or blind copies;

(iii) The name, title, and address of the present custodian of each such document;

(iv) The names, titles, and addresses of all persons to whom each such document was distributed, shown, or explained;

(v) A description of each such document (by subject matter or title) that is sufficient to identify the particular document without revealing the information for which the privilege or protection is claimed;

(vi) The legal privilege or protection asserted.

7. You are to produce entire documents, including attachments, enclosures, cover letters, memoranda and appendices.

8. If any of the documents requested were, but are no longer, in your possession or subject to your control, state whether each such document: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred voluntarily or involuntarily to any other person or entity; or (iv) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the authorization thereof and identify any persons having any knowledge of such disposition,

-4-

41518812.1

identify the persons responsible for such disposition, and provide a description of the nature, content, date, author(s), and recipient(s) of each such document.

9. If any document request cannot be complied with in full, it shall be complied with to the greatest extent possible, and an explanation shall be given as to why full compliance is not possible.

10. The document requests set forth below apply to the period from September 1, 2021 to the present, unless stated otherwise in any particular document request.

11. Any term or word that is not defined herein has its usual and customary meaning.

12. The request for production of documents shall not be construed as a waiver of any kind or an admission that such responsive documents or their subject matter is admissible in this civil action.

## REQUESTS FOR PRODUCTION

1. All documents and communications related to the Title IX complaint filed by Jane Roe against John Doe, and the subsequent investigation and hearing.

2. All communications between you and John Doe related to the subject matter of the Complaint.

3. All communications between or among you and any of John Doe's family members related to the subject matter of the Complaint.

4. All communications between you and any other representative of John Doe.

5. All communications you had with any member of the University's Title IX Office, including but not limited to Jessica Telligman, Aishah Casseus, and Olivia Bray, as well as any documents referencing or relating to such communications.

6. All communications between you and any professional or other third-party advisor or expert related to the Title IX hearing, including but not limited to Andrew Goldstein and/or any other polygraph examiner.

7. All documents related to the Title IX hearing at the University on or about November 29, 2022 including, but not limited to, your role as John Doe's advisor during the investigation, your participation in the hearing on or about November 29, 2022, and the appeal filed by John Doe of the Final Outcome Letter issued by hearing officer Dixie Wells..

8. Any other documents or communications related to the allegations in the Complaint, the Title IX investigation and hearing related to John Doe, or your involvement in those matters.

Dated: April 28, 2023

/s/ Joshua W.B. Richards
Joshua W.B. Richards (Special Appearance)
Douglas A. Sampson (Special Appearance)
SAUL EWING LLP
1500 Market St., 38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com

and

William K. Davis (NCSB No. 01117)
Alan M. Ruley (NCSB No. 16407)
Mark A. Jones (NCSB No. 36215)
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendant Wake Forest University*

-6-

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, a true and correct copy of the foregoing Subpoena for Documents was served via email upon:

>Andrew Miltenberg
>Stuart Bernstein
>Tara Jill Davis
>NESENOFF & MILTENBERG, LLP
>363 Seventh Avenue, 5th Floor
>New York, NY 10001
>212-736-4500
>amiltenberg@nmllplaw.com
>sbernstein@nmllplaw.com
>tdavis@nmllplaw.com
>
>and
>
>Robert C. Ekstrand
>EKSTRAND & EKSTRAND, LLP
>110 Swift Avenue, Second Floor
>Durham, NC 27705
>919-416-4590
>rce@ninthstreetlaw.com
>
>*Counsel for Plaintiff John Doe*

/s/ Douglas A. Sampson