IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 1:23-cv-114 |
| WAKE FOREST UNIVERSITY, | : |
| Defendant. | : |

**DEFENDANT WAKE FOREST UNIVERSITY'S OPPOSITION TO
NON-PARTY JOHN E. FITZGERALD'S MOTION TO QUASH SUBPOENA**

Following an investigation and hearing, Plaintiff John Doe ("Plaintiff" or "John Doe") was found responsible for sexual assault against a female student and was suspended from Wake Forest University (the "University") for one year. *See* Compl. ¶ 10. Plaintiff brought this lawsuit alleging gender bias by the University in its investigation and hearing. *Id*. at ¶ 11. John E. Fitzgerald ("Fitzgerald") served as Plaintiff's advisor in the University's process and was involved in the investigation of the allegations, the adaptive resolution process, and was present at the Title IX hearing held on November 29, 2022. *Id*. at ¶ 174; [ECF No. 47-2] at ¶ 6. Plaintiff's Initial Disclosures listed Fitzgerald as a witness in possession of relevant information about his claims. A copy of Plaintiff's Initial Disclosures is attached as **Exhibit A**.

On April 28, 2023, undersigned counsel prepared a Subpoena to Produce Documents ("Subpoena") pursuant to Fed. R. Civ. P. 45 directed to Fitzgerald requesting documents related to Doe's claims. [ECF No. 47-1]. Prior to effecting personal service on Fitzgerald via a process server, the University contacted Fitzgerald and asked whether he would prefer personal service or

41654039.4

if he would accept service of the Subpoena by email. Fitzgerald responded that he would accept service electronically:

> I accept service of your subpoena by email. I am leaving for a one week vacation early tomorrow morning and will return on Monday, May 8th. I may need a few days to catch up with my office work when I return but plan to begin complying with your request sometime during the week of May 8th.

A true and correct copy of the email exchange is attached as **Exhibit B**.

In his Motion to Quash [ECF 47], Fitzgerald avers that he accepted service before the subpoena was sent to him and did not have the opportunity to review the scope or deadline prior to service. *See* Fitzgerald Aff. at ¶ 9. That is not accurate. In fact, the Subpoena was attached to the original email to Fitzgerald, which (if relevant to the analysis) provided him with an opportunity to review the subpoena prior to accepting service. *See* Ex. B. Under Rule 45, objections to the Subpoena were due on or before May 12, 2023.[1] *See* Fed. R. Civ. P. 45(d)(2)(B). To date, Fitzgerald has not served written objections and has not produced any documents. On May 24, 2023, Fitzgerald filed this Motion to Quash. [ECF No. 46].

In an Order entered on May 25, 2023, the Court suggested that it would not order Fitzgerald to produce privileged documents, but it would be inclined to order production of nonprivileged documents. The Court directed the parties to meet and confer to attempt to resolve any disputes and further directed the University to respond by May 31, 2023. [ECF No. 48].

Counsel for the University met and conferred with counsel for Fitzgerald multiple times before and during the Memorial Day holiday weekend. The University understands that Fitzgerald has between 500 and 600 pages of nonprivileged emails, including numerous emails with John Doe that include third parties, principally John Doe's mother. The University further understands

---

[1] The Subpoena requested responsive documents to be produced on or before May 28, 2023, which would have provided sufficient time prior to the June 30th discovery deadline to serve follow-up written discovery if needed.

that counsel for Fitzgerald sought consent from Doe's counsel in this action to produce those documents, but that consent has not yet been provided.

**I.       Fitzgerald waived any objections to the Subpoena by failing to serve written objections within 14 days.**

Fitzgerald accepted service of the Subpoena on April 28, 2023. Rule 45 requires a written objection to a subpoena for documents to be served before the earlier of the time specified for compliance with the subpoena or fourteen (14) days after the subpoena is served, or May 12, 2023. Fed. R. Civ. P. 45(d)(2)(B). "The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections." *Long v. City of Concord*, No. 5:21-CV-201-D, 2022 WL 16916368, at *2 (E.D.N.C. Nov. 14, 2022). Fitzgerald did not serve, and, to date, still has not served, written objections to the Subpoena. Counsel moreover has made no offer to produce documents without the need for motions practice. Any objection as to scope has accordingly been waived. *Id*.

**II.      The Subpoena does not seek privileged documents.**

Fitzgerald's primary argument to quash the Subpoena is that it would require production of privileged and confidential information in violation of Rule 1.6(b) of the North Carolina Rules of Professional Conduct. Counsel for the University has made clear, both prior to and after the service of the Motion to Quash, that it does <u>not</u> seek production of privileged information. The confidentiality requirements of Rule 1.6(b) do not apply to a lawfully issued subpoena seeking non-privileged documents. *See* N.C. Rule of Prof. Conduct 1.6 n.3.

During his May 23, 2023 deposition, Plaintiff moreover testified that his mother was copied on nearly all communications with Fitzgerald and that his mother did not have an attorney-client relationship with Fitzgerald. Plaintiff and his counsel conceded that those communications are not privileged, described the communications, and even read some into the record. Then, on May 26,

3

41654039.4

Case 1:23-cv-00114-KDB-SCR   Document 49   Filed 05/31/23   Page 3 of 6

2023, Plaintiff's mother responded to a subpoena by producing numerous emails between Fitzgerald, Plaintiff, and Plaintiff's mother.

The University does not know what other responsive, nonprivileged documents are in Fitzgerald's possession in addition to the email communications, but it stands to reason that if substantially all of Fitzgerald's communications with Doe included third parties, there are likely to be others as well. To the extent that those documents relate to the basis for Plaintiff's claims in this case, they are properly discoverable, any objection to their production has been waived, and they should be produced immediately.

### III. The Subpoena is not overly broad or unduly burdensome.

A respondent seeking to have a subpoena quashed has "the burden of proof ... and must meet the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive." *In re BK Racing, LLC*, No. 18-30241, 2023 WL 3331563, at *5 (Bankr. W.D.N.C. May 9, 2023). The party raising an undue burden objection must detail the anticipated time and expense involved with responding to the request, typically with an affidavit. *AMTRAK v. Guy M. Turner, Inc.*, No. 4:15-CV-68-BO, 2016 U.S. Dist. LEXIS 61073, at *9 (E.D.N.C. May 9, 2016). A subpoena subjects a nonparty to undue burden if it "seeks information irrelevant to the case or that would require [the] non-party to incur excessive expenditure of time or money." *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012).

The Subpoena is narrowly tailored to Fitzgerald's limited representation of Plaintiff, for documents related to claims alleged in this litigation. Fitzgerald's affidavit does not detail the anticipated time and expense to establish an undue burden. At most, he notes that the requested documents exceed 1,000 pages in volume. Fitzgerald's counsel informed the University that Plaintiff's attorneys were assisting in reviewing the documents. The total page count is not overly

cumbersome or time consuming such that it supports an undue burden, particularly with assistance from plaintiff's counsel. Thirty (30) days for a non-party to respond to a subpoena is generally accepted as reasonable. Fitzgerald should be required to produce all non-privileged documents that are responsive to the Subpoena forthwith.

**IV.     The expedited schedule set by the Court supports a prompt production of documents.**

This action has an accelerated schedule, with discovery set to close on June 30th. In serving the Subpoena at issue on April 28, 2023, the University acted with diligence in trying to complete discovery on that schedule, but anticipated that it would have responsive documents in time to conduct meaningful follow-up within the discovery period. In the Court's May 25th Order, it provided additional time for Fitzgerald to respond, through June 15, 2023. [ECF No. 48]. The University respectfully requests that the Court formalize Fitzgerald's response deadline to avoid prejudice to the University. Importantly, a June 15th production deadline may not provide time sufficient for the University to serve additional written discovery during the discovery period based on documents produced, which may already have prejudiced the University.

For all of the foregoing reasons, non-party John Fitzgerald's Motion to Quash should be denied, and he should be ordered to produce all non-privileged responsive documents on a rolling basis, but in no event later than June 15, 2023.

Dated: May 31, 2023				Respectfully Submitted,


				*/s/ Joshua W.B. Richards*
				Joshua W.B. Richards (Special Appearance)
				Douglas A. Sampson (Special Appearance)
				SAUL EWING LLP
				Centre Sq. West, 1500 Market St.
				38th Floor
				Philadelphia, PA 19102
				215-972-7737
				joshua.richards@saul.com
				douglas.sampson@saul.com

				and

				William K. Davis (NCSB No. 01117)
				Alan M. Ruley (NCSB No. 16407)
				Mark A. Jones (NCSB No. 36215)
				BELL, DAVIS & PITT, P.A.
				P.O. Box 21029
				Winston-Salem, NC 27120
				336-722-3700
				wdavis@belldavispitt.com
				aruley@belldavispitt.com
				mjones@belldavispitt.com

				*Counsel for Defendant Wake Forest University*

6