IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 1:23-cv-114 |
| WAKE FOREST UNIVERSITY, | : |
| Defendant. | : |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff John Doe, by his attorneys Nesenoff & Miltenberg, LLP and Ekstrand and Ekstrand, LLP, hereby submits the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1) This initial disclosure is based on information reasonably known to Plaintiff at this time. Plaintiff reserves the right to make supplemental and subsequent disclosures in the course of discovery as additional information becomes available.

2) Plaintiff, in making his initial disclosure, does not waive any objections based upon relevance, materiality, competence, privilege, immunity from disclosure, or other grounds.

3) Plaintiff reserves the right to amend or supplement his disclosures when and if additional requested information and/or documents are located by, or their contents become known to Plaintiff as the litigation progresses.

4) Plaintiff further reserves the right to assert any applicable objection to the disclosures of any such additional information or documents.

1  **EXHIBIT A**

I.  **Rule 26(a)(1)(A)(i) Witnesses.**

1) Plaintiff John Doe; c/o Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, 5th Floor, New York, New York 10001, tdavis@nmllplaw.com

   Subject of knowledge: John Doe is the Plaintiff in this action. As such, he has relevant information regarding the actions, omissions, errors, flawed procedures, and overall failure of Wake Forest University ("Wake Forest" or the "University") to provide Plaintiff with a fair process, to comply with its policies and procedures, to conduct an investigation and adjudication free from gender bias, as well as damages sustained as a result of the disciplinary outcome.

2) Jane Roe; contact information for this witness is unknown at this time.

   Subject of knowledge: During the relevant timeframe, Jane Roe was a student at Wake Forest University and filed a Title IX complaint against John Doe, in April of 2022, stemming from a sexual encounter that took place on October 15-16, 2021. As such, Ms. Roe may have information regarding the actions, omissions, flawed procedures, and overall failure of Wake Forest to provide Plaintiff with a fair process, to comply with its policies and procedures, the overall manner in which the investigation and adjudication were conducted, and evidence of gender bias.

3) Aishah Casseus; c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-1969, casseua@wfu.edu

   Subject of knowledge: During the relevant timeframe, Ms. Casseus was the Director of the Title IX Office at Wake Forest University. As such, Ms. Casseus may have relevant information including but not limited to, the actions, omissions, errors, flawed procedures, negligence, and overall failure of Wake Forest to provide Plaintiff with a fair process, the failure to comply with the University's policies throughout the disciplinary investigation and adjudication, the University's gender biased conduct and decision making, actions taken by the University to ensure compliance with federal guidance, training provided to the relevant administrators and other employees, correspondence with the Department of Education's Office for Civil Rights, the handling of other allegations of sexual misconduct brought against Wake Forest students, and instances of gender discrimination at the University.

4) Jessica Harris Telligman; c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-1969, telligjr@wfu.edu

   Subject of knowledge: During the relevant timeframe, Ms. Telligman was the Assistant Director of the Title IX Office at Wake Forest University. As such, Ms. Telligman may have relevant information including but not limited to, the actions, omissions, errors, flawed procedures, negligence, and overall failure of Wake Forest to provide Plaintiff with a fair process, the failure to comply with the University's policies throughout the disciplinary investigation and adjudication, the University's gender biased conduct and decision making, actions taken by the University to ensure compliance with federal guidance, training provided to the relevant administrators and other employees, correspondence with the Department of Education's Office

for Civil Rights, the handling of other allegations of sexual misconduct brought against Wake Forest students, and instances of gender discrimination at the University.

5) Dixie Wells; Ellis & Winters, LLP, 300 North Green Street, Suite 800, Greensboro, NC 27401; (336) 217-4197, dixie.wells@elliswinters.com

    Subject of knowledge: Ms. Wells was retained by Wake Forest to serve as the Title IX hearing officer in Doe's case. As such, she may have relevant information related to the disciplinary investigation, the hearing process, the outcomes reached and sanctions imposed, as well as information concerning the University's gender biased conduct and decision making.

6) Howard Kallem; Rebeca Leitman Veidlinger, PLLC, 2114 Londonderry Road, Ann Arbor, MI 48104; (734) 474-5587, kallem@veidlinger.com

    Subject of knowledge: Mr. Kallem was retained by Wake Forest to serve as the appeals officer in Doe's case. As such, he may have relevant information concerning the disciplinary investigation, the hearing process, the outcomes reached and sanctions imposed, as well as knowledge related to the appeals process, Doe's appeal, and the decision to uphold the finding and sanctions against Doe.

7) Dr. Jim Settle, c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-5226, settlej@wfu.edu

    Subject of knowledge: During the relevant timeframe, Dr. Settle was the Associate Dean for Student Conduct at Wake Forest University. Dr. Settle may have relevant information concerning Doe's reports of retaliation committed by Jane Roe and her friends, and whether and how the University addressed such reports.

8) Toni McMurphy; Infinite Impact, (314) 922-6922, Toni@infiniteimpact.live

    Subject of knowledge: Ms. McMurphy was retained by Wake Forest to serve as the Adaptive Resolution Facilitator between Plaintiff and Jane Roe, and served in this role from approximately May through August of 2022. As such, Ms. McMurphy may have relevant information concerning Jane Roe's allegations against Plaintiff. Additionally, Ms. McMurphy may have relevant information concerning the University's handling of the Doe/Roe matter and communications with the involved administrators about the case.

9) Olivia Bray; c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-1969, brayoy@wfu.edu

    Subject of knowledge: During the relevant timeframe, Ms. Bray was the Title IX Case Coordinator at Wake Forest. As such, Ms. Bray may have relevant information including but not limited to, the actions, omissions, errors, flawed procedures, negligence, and overall failure of Wake Forest to provide Plaintiff with a fair process, the failure to comply with the University's policies throughout the disciplinary investigation and adjudication, the University's gender biased conduct and decision making, actions taken by the University to ensure compliance with federal

guidance, training provided to the relevant administrators and other employees, correspondence with the Department of Education's Office for Civil Rights, the handling of other allegations of sexual misconduct brought against Wake Forest students, and instances of gender discrimination at the University.

10) Dr. Adam Goldstein; c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-5226, arg@wfu.edu

Subject of knowledge: During the relevant timeframe, Dr. Goldstein was the Dean of Students and Associate Vice President of Wake Forest University. Dr. Goldstein served as the appointed sanctions officer in Plaintiff's case and recommended a one-year suspension after Plaintiff was found responsible for violations of University policy. As such, Dr. Goldstein may have relevant information concerning the process utilized to determine the sanction, sanctions issued in other disciplinary matters, and whether gender bias influenced the findings and sanctions.

11) John E. Fitzgerald; 114 S. Spruce Street, Winston-Salem, NC 27101; (336) 803-7431, help@fitzlawnc.com

Subject of knowledge: Mr. Fitzgerald served as Plaintiff's advisor throughout the disciplinary investigation and hearing process. As such, he may have relevant information regarding the actions, omissions, errors, flawed procedures, negligence and overall failure of Wake Forest to provide Plaintiff with a fair process, to comply with its policies and procedures, the overall manner in which the investigation and adjudication were conducted, and whether gender bias was involved.

12) Skye David; North Carolina Coalition Against Sexual Assault, 811 Spring Forest Road, Suite 100, Raleigh, North Carolina 27609; (919) 871-1015, skye@nccasa.org

Subject of knowledge: Ms. David served as Roe's advisor throughout the Title IX disciplinary process. As such, she may have relevant information related to the actions, omissions, errors, flawed procedures, negligence and overall failure of Wake Forest to provide Doe with a fair process, to comply with its policies and procedures, the overall manner in which the investigation and adjudication were conducted, and evidence of gender bias.

13) Witness P.K.; contact information for this witness is unknown at this time.

Subject of knowledge: Witness P.K., Jane Roe's close friend, was interviewed by Ms. Telligman as part of the investigation into the allegations against Doe and testified at the hearing. As such, P.K. may have information relevant to the allegations set forth in Plaintiff's Complaint.

14) Witness I.L.; contact information for this witness is unknown at this time.

Subject of knowledge: Witness I.L., Jane Roe's close friend, was interviewed by Ms. Telligman as part of the investigation into the allegations against Doe and testified at the hearing. As such, I.L. may have information relevant to the allegations set forth in Plaintiff's Complaint.

15) Witness B.M.; contact information for this witness is unknown at this time.

   Subject of knowledge: Witness B.M., Doe's fraternity brother, was interviewed by Ms. Telligman as part of the investigation into the allegations against Doe and testified at the hearing. As such, B.M. may have information relevant to the allegations set forth in Plaintiff's Complaint.

16) Witness P.Y.; contact information for this witness is unknown at this time.

   Subject of knowledge: Witness P.Y., Jane Roe's suitemate, was interviewed by Ms. Telligman as part of the investigation into the allegations against Doe. As such, P.Y. may have information relevant to the allegations set forth in Plaintiff's Complaint.

17) Witness S.W.; contact information for this witness is unknown at this time.

   Subject of knowledge: Witness S.W., Jane Roe's suitemate, was interviewed by Ms. Telligman as part of the investigation into the allegations against Doe and testified at the hearing. As such, S.W. may have information relevant to the allegations set forth in Plaintiff's Complaint.

18) Andrew Goldstein, LCPE; (704) 252-0991

   Subject of knowledge: Mr. Goldstein performed a voluntary polygraph examination on Plaintiff on or about October 20, 2022, concerning the allegations made against him by Jane Roe, and testified during the University hearing. As such, Mr. Goldstein may have relevant information concerning the allegations set forth in Plaintiff's Complaint.

19) Dr. Cecil Price; c/o Wake Forest University, 1834 Wake Forest Road, Winston-Salem, North Carolina 27109; (336) 758-5218

   Subject of knowledge: Dr. Price was the Director of Student Health Services at Wake Forest University during the relevant timeframe. As such, Dr. Price may have relevant information concerning Jane Roe's examination conducted by Student Health on or about October 18, 2021, as well as her Student Health records.

20) [Doe's Mother]; c/o Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, 5th Floor, New York, New York 10001; (212) 736-4500, tdavis@nmllplaw.com

   Subject of knowledge: [Doe's Mother] is Plaintiff John Doe's mother and was present for the disciplinary hearing at Wake Forest University. As such, [Doe's Mother] may have information relevant to the allegations set forth in Plaintiff's Complaint, including but not limited to, the actions, omissions, errors, flawed procedures, negligence, and overall failure of Wake Forest to provide Plaintiff with a fair process, to comply with its policies and procedures, to conduct an investigation and adjudication free from gender bias, as well as damages sustained as a result of the disciplinary outcome.

21) Any experts retained by Plaintiff.

22) Any experts retained for rebuttal.

23) Any individuals identified by Defendant Wake Forest University in its initial disclosures.

## II. Rule 26(a)(1)(A)(ii) Documents:

In addition to any and all pleadings on file, and all documents received or produced through discovery, Plaintiff will rely on documents in his possession relating to the allegations and affirmative defenses including, but not limited to:

1) Jane Roe Title IX Formal Complaint, April 12, 2022;
2) Notice of Allegations, April 13, 2022;
3) Updated Notice of Allegations, September 1, 2022;
4) Roe Student Health Services Records, October 18, 2021;
5) Final Investigation Report and attachments, November 4, 2022;
6) Final Outcome Letter, December 20, 2022;
7) John Doe Appeal, January 3, 2023;
8) Appeal Decision, January 23, 2023;
9) Interim Suspension Notice, January 24, 2023;
10) Non-Returning Letter, January 30, 2023;
11) Polygraph Examination of John Doe, October 20, 2022;
12) Witness Interview Transcripts;
13) Text Messages Exchanged Between Jane Roe and Witnesses;
14) Wake Forest University Sex and Gender Discrimination and Harassment Policy;
15) Wake Forest University Title IX Sexual Harassment and Non-Title IX Sexual Misconduct Grievance Procedures;
16) Correspondence between Plaintiff and administrators of Wake Forest University regarding the complaint, investigation, appeal, and outcome.
17) John Doe Resume.

All of the foregoing documents are available at the offices of Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, 5th floor, New York, New York 10001.

## III. Rule 26(a)(1)(A)(iii) Damages:

Plaintiff has sustained damages in an amount to be determined at trial, which includes, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

Plaintiff reserves the right to retain the services of experts who will calculate the economic damages sustained by Plaintiff as a result of the disciplinary decision and sanction, and will produce such expert reports in accordance with the court's scheduling order dated March 27, 2023.

**IV.**    **Rule 26(a)(1)(A)(iv) Insurance Agreements:**

None.

THE INSTANT DISCLOSURE IS WITHOUT PREJUDICE TO AND WITH A RESERVATION OF ALL RIGHTS TO SUPPLEMENT OR AMEND PLAINTIFF'S DISCLOSURE.

**Dated:** New York, New York
April 7, 2023

           **NESENOFF & MILTENBERG, LLP**
           *Attorneys for Plaintiff*

           By: **/s/*Andrew T. Miltenberg***
                **Andrew T. Miltenberg, Esq.**
                **Stuart Bernstein, Esq.**
                **Tara Davis, Esq.**
                **363 Seventh Avenue, Fifth Floor**
                **New York, New York 10001**
                **(212) 736-4500**
                **amiltenberg@nmllplaw.com**
                **sbernstein@nmllplaw.com**
                **tdavis@nmllplaw.com**

           **EKSTRAND AND EKSTRAND, LLP**

           By: **/s/ *Robert Ekstrand***
                **Robert Ekstrand, Esq. (26673)**
                **110 Swift Avenue, 2nd Floor**
                **Durham, North Carolina 27705**
                **(919) 416-4590**
                **rce@ninthstreetlaw.com**

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled matter at the address shown below on April 7, 2023.

**SAUL EWING LLP**
*Attorneys for Defendant Wake Forest University*
Joshua W. B. Richards, Esq.
joshua.richards@saul.com
Douglas Sampson, Esq.
douglas.sampson@saul.com
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
215-972-7737

**BELL DAVIS & PITT, P.A.**
*Attorneys for Defendant Wake Forest University*
Daniel Alan M. Ruley, Esq.
aruley@belldavispitt.com
Mark A. Jones, Esq.
mjones@belldavispitt.com
William K. Davis, Esq.
wdavis@belldavispitt.com
POB 21029
Winston-Salem, NC 27120-1029
336-714-4147

BY: ☐ U.S. Mail ☐ Federal Express
☐ Hand-Delivery ☒ Other: Email

*Tara J. Davis*
**Tara J. Davis**