IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | : | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. 1:23-cv-114 |
| | : | |
| WAKE FOREST UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT WAKE FOREST UNIVERSITY'S MOTION TO COMPEL DISCOVERY</u>**

Defendant Wake Forest University (the "University") submits this Memorandum of Law in support of its Motion to Compel Discovery ("Motion") pursuant to Federal Rules of Civil Procedure 26 and 37. Specifically, the University moves to compel:

(a) The production of an unredacted copy of the single-file production Plaintiff made of his SnapChat history since 2021, which includes communications with Jane Roe and about the University's investigation and hearing; and

(b) Plaintiff's continuing deposition, to which counsel agreed on the record at Plaintiff's deposition on May 23, 2023 after it became clear that Plaintiff had failed to produce hundreds of pages of responsive documents.

In light of the expedited discovery schedule in this case, and with the close of factual discovery approaching on June 30th, the University respectfully requests that the Court order Plaintiff to produce an unredacted version of the requested document within 24 hours of this

Court's Order, and to order Plaintiff to sit for a continued deposition within two weeks of the date of the Court's Order at a time and place agreeable to the parties.[1]

## RELEVANT BACKGROUND

In accord with the expedited schedule in this case, the University promptly served requests for production of documents on Plaintiff on March 24, 2023. On April 24, 2023, Plaintiff responded to the University's requests. An excerpt of Plaintiff's response is attached as **Exhibit A**. Document Request No. 7 requested "All documents and communications concerning [Plaintiff's] interactions with [Jane] Roe between September 1, 2021 and the present, including emails, text messages, letters, online correspondence, social media and the like." *See* Ex. A at 6. Plaintiff' responded to the request as follows:

> **RESPONSE**: Plaintiff objects to this Request on the following grounds: (1) it is overbroad, vague, and ambiguous as to the phrase "all documents and communications concerning your interactions with Roe"; and (2) it seeks documents protected by the attorney-client privilege, attorney work product privilege, and other relevant and applicable privileges and confidentiality. Notwithstanding and without waiving the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this Request.

*Id*. Document Request No. 22 requested "A complete copy of plaintiff's social media data for all social media accounts to which plaintiff has access or from which he has posted since September 1, 2021 (e.g. Facebook, Twitter, Snapchat, Instagram, and the like), in electronic archive format." *Id*. at 12. Plaintiff' responded to the request as follows:

> **RESPONSE**: Plaintiff objects to this Request on the following grounds: (1) it is overbroad as to time and scope; (2) is unduly burdensome; and (3) it seeks information that is irrelevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

---

[1] When non-party John Fitzgerald filed a motion to quash, the Court recognized the expedited timeline and required the University to file a response within three business days. [ECF No. 48]. A similar deadline for Plaintiff would be appropriate here where discovery is set to close in 11 days.

> Notwithstanding and without waiving the foregoing objections, Plaintiff is conducting a reasonably diligent search and will produce responsive, non-privileged documents.

*Id.* Both requests would have encompassed Plaintiff's SnapChat data at issue in this motion.

During the Title IX investigation into Jane Roe's allegations, Plaintiff identified significant communications between himself and Jane Roe via SnapChat. During a September 8, 2022 interview, Plaintiff stated that he communicated regularly with Jane Roe via SnapChat and that Jane Roe asked him to the date function that gave rise to the Title IX Investigation via SnapChat. *See* excerpt of transcript of Plaintiff's September 8, 2022 interview attached as **Exhibit B**,[2] at 4.

On May 23, 2023, the University deposed Plaintiff. Relevant excerpts are attached as **Exhibit C**. During the deposition, Plaintiff identified a number of responsive documents that were not produced prior to his deposition, including: (1) draft emails and communications Plaintiff's mother wrote on his behalf (Ex. C at 12); (2) SnapChat data and documents (Ex. C at 24-26); (3) drafts of Plaintiff's pre-hearing statement, opening statement, and appeal drafted by his mother (Ex. C at 33-34); (4) non-privileged[3] communications between John Doe, his mother, and his Title IX advisor (Ex. C. at 70-71); (5) communications with Toni McMurphy during the adaptive resolution process; (6) notes taken by Plaintiff during the Title IX hearing or investigation process; and (7) non-privileged communications between Plaintiff and his current counsel (Ex. C at 74-77).

Upon learning of the responsive documents that were not produced in advance of Plaintiff's deposition, counsel for the University and Plaintiff agreed that Plaintiff would search for the responsive documents and that the University "will alert Plaintiff's counsel whether a reopening of the deposition via Zoom would be appropriate under the circumstances." *See* Ex. C at 71-72.

---

[2] This document has been redacted to remove student names to comply with the parties agreement to proceed under pseudonyms and to remove student information protected by the Family Educational Rights and Privacy Act.
[3] The University and Plaintiff's counsel agreed that the presence of Plaintiff's mother or father on a communication with an attorney destroyed the privilege, because the family members were third-parties to the lawsuit.

On June 3, 2023, the University sent a Notice of Deficiency letter to Plaintiff, requesting the responsive documents identified at Plaintiff's deposition. On June 5, 2023, the University noticed Plaintiff's continuing deposition for June 19th at 9:30 a.m. On June 5th and 12th, Plaintiff produced an additional 691 pages of documents.[4]

Plaintiff's SnapChat data was produced on June 12, 2023 at P0002051-P0002069. A copy of the document is attached as **Exhibit D**. The document was responsive to the University's initial request for production of documents and should have been produced a month earlier, prior to Plaintiff's initial deposition. Moreover, the document was heavily redacted with no invocation of privilege, to the point the document was not useable.

The University sent an email requesting an unredacted version of the document on June 15, 2023. Counsel discussed the redacted document on Thursday and Friday and through the weekend. Plaintiff's counsel refused to produce an unredacted version of the document and, despite requests, declined to provide any legal basis to redact the otherwise responsive document. A copy of the correspondence is attached as **Exhibit E**.

Rather than address the substantive deficiencies raised by the University, Plaintiff provided a shorter (three page) version of the same SnapChat document, stating the prior version was for a larger time range than requested and contained unresponsive information (though the University had no way to verify this claim due to the heavy redactions). A copy of the substituted SnapChat data (bates-labeled P0002051-P0002053) is attached as **Exhibit F**.[5] While the initial SnapChat data was clearly redacted using large blacked-out sections, the "replacement" SnapChat data

---

[4] Many of these documents were email communications between Plaintiff and individuals involved in the Title IX process on behalf of the University (Aishah Casseus, Jessica Telligman, and Toni McMurphy), which were responsive and should have been produced in Plaintiff's initial response to the University's March 24th requests for documents.

[5] There are formatting issues with the way these SnapChat documents were produced. An electronic copy can be provided to the Court upon request.

4

merely had large white spaces on the document that (absent the prior version of the document) could not be recognized as redactions. *Compare* Ex. D *with* Ex. F. The "replacement" SnapChat data left visible the same substantive messages as in the initial document.

Due to the impasse between the parties, the University informed Plaintiff's counsel that it would have to postpone and then re-notice Plaintiff's continued deposition until the SnapChat dispute had been resolved. Plaintiff's counsel, again citing no authority, informed the University that its postponement constituted a waiver and stated they would not produce Plaintiff for his continued deposition (to which they had already agreed) absent a court order. A copy of this additional correspondence is attached as **Exhibit G**. While Plaintiff's counsel complained that the University was cancelling the deposition at the "11th hour," the reason for the late cancellation was the improper redactions to a responsive document that was produced just days before Plaintiff's continued deposition – a document that should have been produced more than a month earlier, before Plaintiff's first deposition in May.

With the meet and confer process at an impasse, the University regrettably felt it had no recourse but to file the present Motion requesting that the Court order the production of an unredacted version of the admittedly responsive document, and ordering Plaintiff to sit for his duly noticed deposition.

**LEGAL STANDARD**

Parties are entitled to "discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Mainstreet Collection, Inc. v. Kirklcmd's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010). A party

resisting discovery bears the burden of making a particularized showing of specific facts why discovery should be denied. *Id*. at 214; *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005).

**ARGUMENT**

**I. Plaintiff Should be Ordered to Produce the Unredacted SnapChat Data.**

It is undisputed that the SnapChat data is responsive to the University's document requests. Counsel admitted as much during the meet and confer process. *See* Ex. G ("The attached includes information relevant to Plaintiff's claims in this lawsuit and is responsive to Defendant's request for Plaintiff's Snapchat data dating to September 1, 2021."). Plaintiff himself put the SnapChat data at issue during the Title IX proceedings and at his deposition. *See* Exs. B & C. The crux of the issue is Plaintiff's redaction of significant portions of a responsive document, with no proper justification.

There is no legal basis under the Federal Rules to redact information from an otherwise responsive document on the basis of relevancy. "[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored." *David v. Alphin*, No. 07cv11, 2010 WL 1404722, at *8 (W.D.N.C. Mar. 30, 2010). The fact that "a document contains both relevant and irrelevant information is by no means extraordinary." *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 327559, at *3 (E.D.N.C. Jan. 8, 2018) (quoting *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2017 WL 1190867, at *2 (D.S.C. Mar. 31, 2017). Where a party unilaterally redacts an otherwise responsive document, an order compelling production of an unredacted version is appropriate. *Eshelman*, 2018 WL 327559, at *3.

Plaintiff unilaterally redacted the SnapChat data without any explanation or context, other than to state the precise excuse that *Eschelman* and dozens of other courts have rejected: that the redacted information is allegedly "irrelevant." The University has produced hundreds of

unredacted documents in this litigation that contain both responsive and unresponsive information, with no documents containing a patchwork of black boxes where information was not, in the University's unilateral view, relevant to the case. Plaintiff should be required to do the same and produce all responsive, non-privileged documents free from redactions.

## II. The Court Should Order Plaintiff to Sit for His Continued Deposition.

The parties agreed to continue Plaintiff's deposition specifically to question Plaintiff about admittedly responsive documents that were not produced prior to his initial deposition on May 23rd. *See* Ex. C. The University properly noticed Plaintiff's continued deposition for June 19th and the parties agreed on the date, time, and virtual format, providing plenty of time for Plaintiff to search for and produce responsive documents. Nevertheless, Plaintiff waited another three weeks to produce the document at issue. Due to the dispute over Plaintiff's redactions of otherwise responsive communications, the University elected not to proceed with the deposition to attempt to resolve the discovery dispute. The alternative would have been to depose Plaintiff on June 19th, and once again leave his deposition open for further questioning at another future date. That is not an efficient or equitable use of the parties' time and resources.

Plaintiff takes the position that because the University postponed the deposition that Plaintiff had agreed to – due to a discovery issue caused by Plaintiff—the University has waived its right to proceed with Plaintiff's deposition. Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit the taking of a deposition that all parties have agreed is proper. *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988). The party seeking to prevent a deposition has a heavy burden of demonstrating good cause. *Id.*; *Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C.1987).

7

There is no legal basis to find that the University waived its right to take a duly noticed deposition where the University elected to postpone the deposition due to a discovery dispute caused by the Plaintiff. Counsel has indicated they will not produce Plaintiff for a further deposition absent an order of this Court. The University respectfully requests that the Court do just that, and order Plaintiff to sit for his continuing deposition within 14 days of producing the unredacted SnapChat data, together with any other relief this Court deems just and proper.

Dated: June 19, 2023

Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards (Special Appearance)
Douglas A. Sampson (Special Appearance)
SAUL EWING LLP
Centre Sq. West, 1500 Market St.
38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com

and

William K. Davis (NCSB No. 01117)
Alan M. Ruley (NCSB No. 16407)
Mark A. Jones (NCSB No. 36215)
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendant Wake Forest University*