| | |
|---|---|
| **From:** | Richards, Joshua W. B. |
| **Sent:** | Monday, June 19, 2023 11:14 AM |
| **To:** | Stuart Bernstein; Sampson, Douglas A. |
| **Cc:** | Tara J. Davis; Bob Ekstrand; Andrew T. Miltenberg; William K. Davis; Mark A. Jones; Alan M. Ruley |
| **Subject:** | RE: Doe v. Wake: Supplemental Production Deficiency Notice |

Stuart,

Every document produced in this case contains some unresponsive information. We do not make a practice, and I am not aware of authority permitting, a party to pick and choose information from a responsive document like the one you've produced by redacting. "Omitting unresponsive information" is a different way of saying "redacting for relevance," which is not permitted, and is what you've done on the SnapChat record you produced. I think the back and forth here has run its course. We'll file a motion and allow Judge Bell to weigh in.

Best,

> **Joshua W. B. Richards**
> Partner
> Pronouns: He/him/his
> **SAUL EWING LLP** | Philadelphia
> **Office:** (215) 972-7737    **Cell:** (917) 679-5223

**From:** Stuart Bernstein <SBernstein@nmllplaw.com>
**Sent:** Monday, June 19, 2023 10:43 AM
**To:** Sampson, Douglas A. <Douglas.Sampson@saul.com>; Richards, Joshua W. B. <Joshua.Richards@saul.com>
**Cc:** Tara J. Davis <tdavis@nmllplaw.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
**Subject:** RE: Doe v. Wake: Supplemental Production Deficiency Notice

Doug,

If we have not made ourselves clear, I apologize. We have **NOT** redacted a document we believe to be responsive to defendant's demand. Based upon the manner in which we received the information the only mechanism we had to omit **unresponsive** information was to redact it while sending the responsive information. Our intention was simply to get you the information as soon as possible and it appears in doing so some unnecessary issues were created. At no time did we intend to redact information we believed to be responsive to defendant's demands.

As for the deposition, we believed the defendant was seeking information it is not entitled to and unilaterally adjourned a deposition that all parties agreed to. It is our position that by unilaterally canceling the deposition the defendant has waived it unless, of course, the Judge orders it.

**EXHIBIT G**

Stuart



**Stuart Bernstein, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Sampson, Douglas A. <Douglas.Sampson@saul.com>
**Sent:** Monday, June 19, 2023 9:56 AM
**To:** Stuart Bernstein <SBernstein@nmllplaw.com>; Richards, Joshua W. B. <Joshua.Richards@saul.com>
**Cc:** Tara J. Davis <tdavis@nmllplaw.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
**Subject:** RE: Doe v. Wake: Supplemental Production Deficiency Notice

Stuart,

We appreciate your clarification. However, you have not responded to repeated requests to explain on what basis you are permitted to redact a responsive document, other than privilege. Because you have not done so, motions practice is apparently necessary. Unless you agree to produce the unredacted document, that you admit is a responsive document, we will proceed with filing a motion to compel.

We have never heard of a situation where filing a motion to compel the production of a responsive document effects a waiver of the ability to take further discovery, including depositions. What is the basis for the particular waiver you are requesting? Please send us case law to support this position.

Thank you.

> **Douglas A. Sampson**
> Associate
> **SAUL EWING LLP** | Baltimore
> **Office:** (410) 332-8661

---

**From:** Stuart Bernstein <SBernstein@nmllplaw.com>
**Sent:** Monday, June 19, 2023 9:26 AM
**To:** Richards, Joshua W. B. <Joshua.Richards@saul.com>

Cc: Tara J. Davis <tdavis@nmllplaw.com>; Sampson, Douglas A. <Douglas.Sampson@saul.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
**Subject:** RE: Doe v. Wake: Supplemental Production Deficiency Notice

Josh,

Our recent Snapchat production was erroneous as it contained documents not even requested by the Defendant. Additionally, our initial objection to Defendant's requests for production clearly indicated that Defendant's request was overboard as to time and scope. As I believe Tara and I explained yesterday, our initial Snapchat production P 2051-2069 was incorrect and we only should have produced P 2051-2053, the documents that were produced yesterday, which are responsive to Defendant's demand. We are prepared and willing to inform the Judge of our position if still you insist in engaging in motion practice.

As I noted yesterday, our offices have cooperated throughout these proceedings in scheduling numerous depositions in the short timeframe we have. Plaintiff's continued deposition was agreed upon and scheduled by both parties which your office, without any input from us, has now unilaterally cancelled. We believe that your unilateral cancellation of Plaintiff's continued deposition is improper as it is based on what we think is a non-issue, i.e. the Snapchat production. Accordingly, if you maintain that motion practice is necessary, despite our office having provided to you the responsive documents from Plaintiff's Snapchat, it is then our position that you are waiving any further deposition of the Plaintiff.

Thank you.



**Stuart Bernstein, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.


-----Original Message-----
From: Richards, Joshua W. B. <Joshua.Richards@saul.com>
Sent: Sunday, June 18, 2023 7:33 PM
To: Stuart Bernstein <SBernstein@nmllplaw.com>
Cc: Tara J. Davis <tdavis@nmllplaw.com>; Sampson, Douglas A. <Douglas.Sampson@saul.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
Subject: Re: Doe v. Wake: Supplemental Production Deficiency Notice

Stuart, I'm not sure I ever heard of a situation in which a party was entitled to a deposition and the other party told them that if they didn't take it at the time noticed it was waived. If you feel comfortable articulating that to Judge Bell in light of the parties' stipulation on the record, then we can add that issue to our motion.

Suffice it to say that I disagree with your position. You redacted a document improperly that I asked for several weeks ago, and that

3

should have been produced before Plaintiff's May 23 deposition. The reason we are at the 11th hour is because you didn't produce that document until days before the second deposition, when it should've been produced more than a month ago. We will make that clear in our motion.

I would also appreciate it if you would respond to my question with regard to what entitles you to redact for relevance in a responsive document, which I believe I asked on Thursday. As I asked in my prior email today, could you also please confirm whether you intend to produce an unredacted Snapchat history?

I will consider our meet and confer concluded, and will plan to file a motion tomorrow, unless I hear from you that you will produce the unredacted document and that plaintiff will sit for a deposition at a time to be agreed on by the parties, after you have produced the unredacted document.

Joshua W. B. Richards
 Saul Ewing LLP

Office: 215.972.7737
Mobile: 917.679.5223


 I use he/him pronouns


On Jun 18, 2023, at 7:16 PM, Stuart Bernstein <SBernstein@nmllplaw.com> wrote:


Josh,

We agreed to produce the plaintiff for a further deposition based upon the additional documents plaintiff produced. That deposition was scheduled and agreed to for tomorrow by both of our offices. You are now, at the 11th hour, unilaterally cancelling the deposition based on what we believe is a non issue. As such, unless the Judge agrees with you and somehow finds our supplemental production defective, it is our position that you are now waiving plaintiff's further deposition.

Regards,

Stuart

<http://www.nmllplaw.com><http://www.nmllplaw.com><http://www.nmllplaw.com><http://www.nmllplaw.com>
<nmllpnewyork-boston-paloaltologosignature6-30_86761340-f12a-4199-a5e2-ef3472a044a9.jpg>



Stuart Bernstein, Partner<mailto:SBernstein@nmllplaw.com>
363 Seventh Avenue, 5th Floor<https://goo.gl/maps/ivfYN6y84vR2>
New York, NY 10001-3904<https://goo.gl/maps/ivfYN6y84vR2>
212.736.4500<tel:+12127364500>    •    212.736.2260 fax
Vcard<http://nmllplaw.com/wp-content/uploads/2017/09/Stuart-Bernstein.vcf>    •    nmllplaw.com<http://www.nmllplaw.com>



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.


-----Original Message-----
From: Richards, Joshua W. B. <Joshua.Richards@saul.com>
Sent: Sunday, June 18, 2023 4:28 PM
To: Tara J. Davis <tdavis@nmllplaw.com>

Cc: Sampson, Douglas A. <Douglas.Sampson@saul.com>; Stuart Bernstein <SBernstein@nmllplaw.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
Subject: Re: Doe v. Wake: Supplemental Production Deficiency Notice

Tara,

Could you please explain the basis for refusing to produce Plaintiff other than tomorrow? I think you agreed to reproduce him a failure to produce a number of responsive documents, including the incomplete SnapChat data that you've now re-produced. It's now my deposition to notice, I think, so I'm not sure how the timing affects my ability to conclude the deposition based on our stipulation, which didn't set a date certain. It would be helpful to have your position on that by tomorrow at noon so we can include it in our motion if necessary.

If you do not intend to provide the unredacted Snapchat document, I think our meet and confer is concluded. Please confirm confirm that's the case, and we will file the motion.

Thanks very much,

Joshua W. B. Richards
 Saul Ewing LLP

Office: 215.972.7737
Mobile: 917.679.5223


 I use he/him pronouns


On Jun 18, 2023, at 3:40 PM, Tara J. Davis <tdavis@nmllplaw.com> wrote:


Josh,

Please find attached an updated production, for documents numbered P 2051-2053. This will replace the documents previously identified as P 2051-2069. The attached includes information relevant to Plaintiff's claims in this lawsuit and is responsive to Defendant's request for Plaintiff's Snapchat data dating to September 1, 2021. If you believe this does not resolve the issue, we can meet and confer in the morning. However, we will not agree to continue Plaintiff's deposition to another date unless required by Court order.

Thank you.



<http://www.nmllplaw.com><http://www.nmllplaw.com><http://www.nmllplaw.com><http://www.nmllplaw.com<http://www.nmllplaw.com>>
<nmllpnewyork-boston-paloaltologosignature6-30_c3ac7695-26b8-4211-a38e-9d140ac06ab9.jpg>



Tara J. Davis, Partner<mailto:tdavis@nmllplaw.com>
101 Federal Street, 19th Floor
Boston, MA 0<https://goo.gl/maps/ivfYN6y84vR2<https://goo.gl/maps/ivfYN6y84vR2>>2110
617.209.2188
Vcard<http://nmlaw.wpengine.com/wp-content/uploads/2016/11/Tara-J.-Davis.vcf<http://nmlaw.wpengine.com/wp-content/uploads/2016/11/Tara-J.-Davis.vcf>>   •   nmllplaw.com<http://www.nmllplaw.com<http://www.nmllplaw.com>>

5

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

From: Richards, Joshua W. B. <Joshua.Richards@saul.com>
Sent: Sunday, June 18, 2023 12:55 PM
To: Tara J. Davis <tdavis@nmllplaw.com>; Sampson, Douglas A. <Douglas.Sampson@saul.com>; Stuart Bernstein <SBernstein@nmllplaw.com>; Bob Ekstrand <rce@ninthstreetlaw.com>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>
Cc: William K. Davis <wdavis@belldavispitt.com>; Mark A. Jones <mjones@belldavispitt.com>; Alan M. Ruley <aruley@belldavispitt.com>
Subject: RE: Doe v. Wake: Supplemental Production Deficiency Notice

Tara,

In light of the fact that this issue is not resolved, we're going to continue Doe's deposition. We'll send you a new notice once the issue is resolved. Let's use the 9:30 slot tomorrow to meet and confer with respect to the SnapChat redactions. In light of the limited time left before the 30th, we're going to aim to have a motion on file by EOD tomorrow and ask Judge Bell for an expedited ruling if we're not able to resolve the issue tomorrow morning.

Thanks very much,


Joshua W. B. Richards

Partner

Pronouns:

He/him/his


SAUL EWING LLP

|

Philadelphia

Office:

(215) 972-7737<tel:(215)%20972-7737>

 Cell:

(917) 679-5223



From: Richards, Joshua W. B.
Sent: Friday, June 16, 2023 9:00 PM
To: 'Tara J. Davis' <tdavis@nmllplaw.com<mailto:tdavis@nmllplaw.com>>; Sampson, Douglas A.

6

<douglas.sampson@saul.com<mailto:douglas.sampson@saul.com>>; Stuart Bernstein <SBernstein@nmllplaw.com<mailto:SBernstein@nmllplaw.com>>; Bob Ekstrand <rce@ninthstreetlaw.com<mailto:rce@ninthstreetlaw.com>>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com<mailto:AMiltenberg@nmllplaw.com>>
Cc: William K. Davis <wdavis@belldavispitt.com<mailto:wdavis@belldavispitt.com>>; Mark A. Jones <mjones@belldavispitt.com<mailto:mjones@belldavispitt.com>>; Alan M. Ruley <aruley@belldavispitt.com<mailto:aruley@belldavispitt.com>>
Subject: RE: Doe v. Wake: Supplemental Production Deficiency Notice

Tara,

I'm not aware of a rule that permits individual records to be redacted for responsiveness or relevance. Certainly we did not redact for responsiveness or relevance in our production, most obviously in the table of prior cases. Please provide authority for your position that you may do so here, or provide the unredacted record.

Joshua W. B. Richards

Partner

Pronouns:

He/him/his

SAUL EWING LLP

|

Philadelphia

Office:

(215) 972-7737<tel:(215)%20972-7737>

 Cell:

(917) 679-5223

From: Tara J. Davis <tdavis@nmllplaw.com<mailto:tdavis@nmllplaw.com>>
Sent: Friday, June 16, 2023 12:27 PM
To: Sampson, Douglas A. <Douglas.Sampson@saul.com<mailto:Douglas.Sampson@saul.com>>; Stuart Bernstein <SBernstein@nmllplaw.com<mailto:SBernstein@nmllplaw.com>>; Bob Ekstrand <rce@ninthstreetlaw.com<mailto:rce@ninthstreetlaw.com>>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com<mailto:AMiltenberg@nmllplaw.com>>
Cc: Richards, Joshua W. B. <Joshua.Richards@saul.com<mailto:Joshua.Richards@saul.com>>; William K. Davis <wdavis@belldavispitt.com<mailto:wdavis@belldavispitt.com>>; Mark A. Jones

<[mjones@belldavispitt.com](mailto:mjones@belldavispitt.com)>; Alan M. Ruley
<[aruley@belldavispitt.com](mailto:aruley@belldavispitt.com)>
Subject: RE: Doe v. Wake: Supplemental Production Deficiency Notice

**EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.

Doug,

Defendant's initial request for production requested Plaintiff's social media data, including Snapchat, to which Plaintiff has access or from which he has posted since September 1, 2021. The unredacted messages in the documents bates stamped P0002051-P0002069 are the only messages that appear in his Snapchat history which show any exchange with Jane Roe and/or are related in any way to the allegations at issue in this case. The two messages he exchanged with [Student] appear in the production. This is consistent with the Plaintiff's testimony, wherein he stated that the only person he could recall messaging with on Snapchat regarding the case was [Student]. Further, it appears that the two messages visible in Plaintiff's recent production are the only ones exchanged between Plaintiff and Jane Roe that have been maintained by Snapchat. (See When does Snapchat delete Snaps and Chats? – Snapchat Support<https://help.snapchat.com/hc/en-us/articles/7012334940948<https://help.snapchat.com/hc/en-us/articles/7012334940948>> for information regarding what type of information is retained by the app.) The remainder of the Snapchat data obtained by Plaintiff includes information that is wholly unrelated to this matter, dating back to 2015. Accordingly, we stand by our previous objections to this request as well as the appropriateness of the production. If you would like to discuss further, please let me know.

Thank you.

<http://www.nmllplaw.com/<http://www.nmllplaw.com/>>
<image001.jpg>

Tara J. Davis, Partner<[mailto:tdavis@nmllplaw.com](mailto:tdavis@nmllplaw.com)>

101 Federal Street, 19th Floor

Boston, MA 0<https://goo.gl/maps/ivfYN6y84vR2<https://goo.gl/maps/ivfYN6y84vR2>>2110

617.209.2188

Vcard<http://nmlaw.wpengine.com/wp-content/uploads/2016/11/Tara-J.-Davis.vcf<http://nmlaw.wpengine.com/wp-content/uploads/2016/11/Tara-J.-Davis.vcf>>   •   nmllplaw.com<http://www.nmllplaw.com<http://www.nmllplaw.com>>

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

From: Sampson, Douglas A. <[Douglas.Sampson@saul.com](mailto:Douglas.Sampson@saul.com)>
Sent: Thursday, June 15, 2023 9:47 PM
To: Tara J. Davis <[tdavis@nmllplaw.com](mailto:tdavis@nmllplaw.com)>; Stuart Bernstein <[SBernstein@nmllplaw.com](mailto:SBernstein@nmllplaw.com)>; Bob Ekstrand <[rce@ninthstreetlaw.com](mailto:rce@ninthstreetlaw.com)>; Andrew T. Miltenberg

<AMiltenberg@nmllplaw.com<mailto:AMiltenberg@nmllplaw.com>>

Cc: Richards, Joshua W. B. <Joshua.Richards@saul.com<mailto:Joshua.Richards@saul.com>>; William K. Davis <wdavis@belldavispitt.com<mailto:wdavis@belldavispitt.com>>; Mark A. Jones <mjones@belldavispitt.com<mailto:mjones@belldavispitt.com>>; Alan M. Ruley <aruley@belldavispitt.com<mailto:aruley@belldavispitt.com>>

Subject: Doe v. Wake: Supplemental Production Deficiency Notice

Tara,

Thank you for the supplemental productions. We have reviewed the additional documents produced by Plaintiff, and have a concern. Plaintiff's SnapChat history (P0002051-P0002069) was heavily redacted to the point it is not useable. Plaintiff stated at his deposition that he used SnapChat to talk about things related to this case. Further, Plaintiff indicated a significant SnapChat history between himself and [Jane] in interviews with Jessica Telligman during the Title IX investigation. Yet, there are only three total messages not redacted from the lengthy document. There is only one text shown from [Jane], which appears as she may be answering a question- which is not visible. Please provide an unredacted copy of the SnapChat record immediately so that we may review it prior to Plaintiff's continued deposition, which remained open specifically to address documents not previously produced -- including this SnapChat record. We would prefer to resolve this quickly to avoid the cost and inconvenience of having to reschedule Plaintiff's deposition while we resolve this issue. Please provide an updated version of P0002051-P0002069 by end of day Friday.

Thank you,
Doug

<image002.png>

Douglas A. Sampson

Associate

<image003.png>

(410) 332-8661<tel:(410)%20332-8661>



<image004.png>

Douglas.Sampson@saul.com<mailto:Douglas.Sampson@saul.com>

Read my bio<https://www.saul.com/professionals/douglas-sampson>

>>

<https://www.saul.com/>
<image005.png>

1001 Fleet Street
9th Floor

Baltimore

,

MD

21202-4359

"Saul Ewing LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

<P0002051-P0002053 Updated.pdf>