IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,
    *Plaintiff*,

v.

WAKE FOREST UNIVERSITY,
    *Defendant*.

Civ. No. 1:23-cv-00114

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WAKE FOREST UNIVERSITY'S MOTION TO COMPEL DISCOVERY

Plaintiff John Doe ("Plaintiff" or "Doe") submits this Memorandum of Law in opposition to Defendant Wake Forest University's ("Defendant") Motion to Compel Discovery. As Plaintiff has complied with his discovery obligations and produced all responsive and relevant data from his Snapchat history, there is no further discovery to compel. Further, Defendant's unilateral decision to cancel the continued deposition of the Plaintiff on June 19, 2023, based upon what Plaintiff's counsel believes to be a non-issue given that all requested information has already been produced to Defendant, should be deemed a waiver of the Plaintiff's continued deposition.

### FACTUAL BACKGROUND

On March 27, 2023, this Court entered a Pretrial Order and Case Management Plan, setting June 30, 2023 as the date for completion of fact discovery. [ECF No. 35].[1] Since that time, Plaintiff has acted diligently and cooperated with opposing counsel to comply with the expedited discovery schedule, to timely serve and respond to written discovery, conduct and defend the requested depositions, and meet and confer with counsel on any discovery issues that arose in a judicious

---

[1] On June 23, 2023, the Court granted in part and denied in part Defendant's Expedited Motion to Shorten Time for Response to Defendant Wake Forest University's Motion to Compel Discovery, extending the deadline for fact discovery to July 31, 2023. [ECF No. 54].

1

manner. That Defendant's counsel now moves this Court to compel the production of one document set, the relevant information for which has already been provided, is an inefficient and ineffective use of this Court's, and the Parties', time and resources.

On March 24, 2023, each party served on the other a First Set of Interrogatories and First Set of Requests for Production. Defendant's Request for Production ("RFP") Number 22 sought:

> "A complete copy of plaintiff's social media data for all social media accounts to which plaintiff has access or from which he has posted since September 1, 2021 (e.g. Facebook, Twitter, Snapchat, Instagram, and the like), in electronic archive format."

Plaintiff diligently engaged in a search for responsive documents. Thereafter, on April 24, 2023, Plaintiff provided responses and objections to Defendant's Demands. In response to RFP Number 22, Plaintiff stated:

> "Plaintiff objects to this Request on the following grounds: (1) it is overbroad as to time and scope; (2) is unduly burdensome; and (3) it seeks information that is irrelevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. Notwithstanding and without waiving the foregoing objections, Plaintiff is conducting a reasonably diligent search and will produce responsive, non-privileged documents."

Additionally, as part of his General Objections at Number 5, Plaintiff also incorporated by reference the following objection:

> "Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, unduly burdensome, oppressive, and vexatious, and seek documents neither relevant to the subject matter of this action nor proportionate to the needs of the case."

On April 27, 2023, Defendant's counsel served on Plaintiff's counsel a discovery deficiency letter. Defendant's counsel did not at that time raise any issues related to Plaintiff's response to RFP No. 22. Also on April 27, 2023, Defendant's counsel served a First Request for Admission to Plaintiff. On April 28, 2023, Plaintiff served his initial document production on Defense counsel, consisting of

2

over 1,300 pages of documents, as well as a discovery deficiency letter directed to Defendant. The same day, Defendant served its initial document production on Plaintiff's counsel. Also on April 28, 2023, Plaintiff's counsel accepted service of a subpoena for documents directed to Doe's mother.

On May 8, 2023, the Parties met and conferred regarding the discovery disputes raised in each of their deficiency letters. To the understanding of Plaintiff's counsel, all outstanding concerns were resolved at that time, and the Parties proceeded to discuss a deposition schedule. On May 12, 2023, in follow up to the Parties' meet and confer, Plaintiff provided a supplemental response to Defendant's interrogatories, as well as an additional document for production.

On May 15, 2023, Plaintiff served his response to Defendant's Request for Admission. On May 17, 2023, Defendant served a second document production on Plaintiff's counsel. On May 18, 2023, Plaintiff supplemented his document production once again.

On May 23, 2023, Plaintiff appeared for a deposition. During his deposition, Plaintiff testified about certain topics which led counsel for Wake Forest to request that Plaintiff undertake a search for additional documents. Accordingly, counsel conferred and agreed that Plaintiff would search for and produce any additional responsive materials and that upon review, Defendant's counsel would notify Plaintiff's counsel whether a continuation of the Plaintiff's deposition, limited to questions concerning any additional documents produced, would be appropriate. [ECF No. 55-1 at 6].

On May 26, 2023, Plaintiff's counsel produced documents responsive to the subpoena served on Doe's Mother. On May 29, 2023, Plaintiff's counsel served a supplemental production of documents responsive to the subpoena served on Doe's Mother.

On June 2, 2023, Defendant served a third document production on Plaintiff.

On June 3, 2023, Defendant's counsel sent to Plaintiff's counsel a discovery deficiency letter, requesting the production of documents that had been discussed during Plaintiff's

3

deposition, including "Snap Chat Data or data from other social media accounts *to the extent they have information related to the claims in this matter.*" (emphasis added). Counsel requested that these documents be produced by June 12, 2023. On June 5, 2023, Defendant's counsel served a notice for the continued deposition of Doe, for June 19 at 9:30 a.m. via Zoom. Plaintiff's counsel confirmed this date with the Plaintiff.

On June 5, 2023, in response to the June 3 deficiency letter, Plaintiff supplemented his production. Plaintiff's counsel stated that Plaintiff was continuing to search for documents responsive to the categories outlined in the letter of June 3 and would produce those documents by June 12, as requested. On June 6, 2023, counsel for Plaintiff further supplemented the document production responsive to the subpoena served on Doe's Mother.

Plaintiff's counsel deposed Dixie Wells on June 7, 2023, deposed Jessica Telligman on June 8, 2023, and deposed Howard Kallem on June 9, 2023. Plaintiff conducted the deposition of Adam Goldstein on June 13, 2023, and the deposition of Aishah Casseus on June 14, 2023.

On June 12, 2023, Plaintiff supplemented his document production, with additional documents responsive to the June 3 letter, including the noted Snapchat data, which initially appeared at P 2051-2069.

On June 15, 2023, Attorney Sampson emailed Plaintiff's counsel to express concerns regarding the Snapchat messages produced. Specifically, Attorney Sampson stated "Plaintiff's SnapChat history (P0002051-P0002069) was heavily redacted to the point it is not useable. Plaintiff stated at his deposition that he used SnapChat to talk about things related to this case. Further, Plaintiff indicated a significant SnapChat history between himself and [Roe] in interviews with Jessica Telligman during the Title IX investigation. Yet, there are only three total messages not redacted from the lengthy document. There is only one text shown from [Roe], which

4

appears as she may be answering a question- which is not visible." [ECF No. 55-3 at 6]. Plaintiff's counsel responded on June 16, 2023, as follows:

> Doug,
>
> Defendant's initial request for production requested Plaintiff's social media data, including Snapchat, to which Plaintiff has access or from which he has posted since September 1, 2021. The unredacted messages in the documents bates stamped P0002051-P0002069 are the only messages that appear in his Snapchat history which show any exchange with Jane Roe and/or are related in any way to the allegations at issue in this case. The two messages he exchanged with [J.D.] appear in the production. This is consistent with the Plaintiff's testimony, wherein he stated that the only person he could recall messaging with on Snapchat regarding the case was [J.D.]. Further, it appears that the two messages visible in Plaintiff's recent production are the only ones exchanged between Plaintiff and Jane Roe that have been maintained by Snapchat. (*See* [When does Snapchat delete Snaps and Chats? – Snapchat Support](#) for information regarding what type of information is retained by the app.) The remainder of the Snapchat data obtained by Plaintiff includes information that is wholly unrelated to this matter, dating back to 2015. Accordingly, we stand by our previous objections to this request as well as the appropriateness of the production. If you would like to discuss further, please let me know.
>
> Thank you.

On June 18, 2023, upon recognition of the fact that Plaintiff's Snapchat history had pulled data dating back to 2015, while Defendant's counsel had initially requested Snapchat data only dating back to September 1, 2021, Plaintiff updated the production of the Snapchat data, to reflect the relevant messages sent or received during the requested timeframe. After a series of emails exchanged by counsel for the Parties between June 16 and June 18, 2023, [ECF No. 55-3, 55-5]. counsel for Defendant unilaterally cancelled the continued deposition of Plaintiff which had been scheduled for June 19, 2023. Plaintiff's counsel indicated that this unilateral cancellation constituted a waiver, given Plaintiff had complied with his discovery obligations and had acted diligently to produce all relevant documents that were responsive to Defendant's demands.

5

**LEGAL STANDARD**

As recently explained by this Court, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Covil Corp. by & through Protopapas v. United States Fid. & Guar. Co.,* 544 F. Supp. 3d 588, 594 (M.D.N.C. 2021), *citing to* Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment. Thus, as stated by Defendant in its moving brief, parties are entitled to "discovery regarding any non-privileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case." FED. R. CIV. P. 26(b)(1) (emphasis supplied). However, "[a] litigant is not. . .entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. *See* FED. R. CIV. P. 26(c)." *Equal Emp. Opportunity Comm'n v. Sheffield Fin., LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

**ARGUMENT**

As an initial matter, the discovery "issue" that is the focus of Defendant's motion is not one created by the Plaintiff, as Defendant contends. Plaintiff's counsel has repeatedly stated that Plaintiff has produced all responsive and relevant information appearing in his Snapchat data. The fact that Defendant continues to push the issue, disbelieving statements made by Plaintiff's counsel affirming that all responsive information has been produced, is an issue created by Defendant, and a non-issue at that.

The information sought by Defendant in its moving brief, Snapchat data unrelated to the allegations at issue in this lawsuit, is neither **relevant** to Plaintiff's claims or defenses nor **proportional** to the needs of the case. Relevancy "essentially involves a determination of how substantively the information requested bears on the issues to be tried." *Covil Corp. by & through Protopapas v. United States Fid. & Guar. Co.,* 544 F. Supp. 3d 588, 595 (M.D.N.C. 2021), *citing*

6

to *Mills v. East Gulf Coal Preparation Co.*, 259 F.R.D. 118, 131 (S.D.W. Va. 2009) (internal quotation marks omitted). The Snapchat data Defendant seeks to obtain through its motion is not relevant to Plaintiff's claims, as the data includes information about messages and "snaps" exchanged with individuals who had no involvement in the underlying Title IX matter, contain no substantive information concerning the Title IX matter or Jane Roe, and instead consist of private communications. Accordingly, this information will not hold any importance in resolving the issues in this case. *See Hartzman v. Wells Fargo Advisors, LLC,* No. 1:14CV808, 2017 WL 11684744, at *2 (M.D.N.C. Mar. 27, 2017).

Similarly, the data sought is likewise not proportional to the needs of the case. When considering the proportionality of requested information, the court is to consider: "(1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense outweighs its likely benefits." *See In re Gardasil Prod. Liab. Litig.,* No. 3:22-MD-03036-RJC, 2023 WL 2582615, at *1 (W.D.N.C. Mar. 20, 2023); Fed. R. Civ. P. 26. The burden in producing the requested data outweighs any potential benefit as the data requested will have no bearing on the resolution of the issues in this case.

Moreover, while Defendant suggests in its moving brief that Plaintiff's Snapchat data must include "significant communications between himself and Jane Roe" (Dft's Motion, p. 3), this statement misconstrues the nature of how Snapchat history is maintained. As explained to Defendant's counsel by email dated June 16 at 12:27 p.m., the two messages exchanged between Jane Roe and Plaintiff that are visible in Plaintiff's production are the only ones that appear in Plaintiff's Snapchat history. Counsel pointed to information provided by the Snapchat platform

7

itself (*See* [When does Snapchat delete Snaps and Chats? – Snapchat Support](#) for information regarding what type of information is retained by the app), where an explanation is provided regarding why only certain types of messages are maintained in a user's data history. Further, Plaintiff's counsel pointed out in the same email that the two messages Plaintiff exchanged with witness J.D. also were included in Plaintiff's production, which was consistent with Plaintiff's deposition testimony in which he stated that the only person he could recall messaging with on Snapchat regarding his Title IX case was witness J.D.

Further, Defendant mischaracterizes Plaintiff's production as containing unilateral and improper redactions. To be clear, the only mechanism through which Plaintiff was able to obtain the requested data from his Snapchat account was to pull the full metadata report directly from the application. He was not able to determine a manner in which the four (4) relevant and responsive messages could be produced, without providing the full Snapchat history. Accordingly, rather than copy and paste the four (4) responsive messages into a separate word document (which inevitably would have led to inquiries from Defendant's counsel regarding the source and authenticity of the information), Plaintiff provided to Defense counsel the original report he was able to pull from Snapchat, with the irrelevant and non-responsive information omitted. At no time has Plaintiff's counsel redacted or withheld relevant or responsive information from Defense counsel.

The Parties have to this point worked cooperatively to conduct an extensive amount of discovery in an expedited timeframe. Both Parties have supplemented their document productions, at various times throughout the discovery process, as new information was sought or raised in depositions. In fact, the defense witnesses testified about numerous documents that had not been produced by Defendant in response to Plaintiff's initial demands dated March 24, 2023, despite such documents unquestionably falling within the scope of such requests. Due to Defendants'

failure to produce these documents, Plaintiff served a post deposition request for production on June 15, which has not yet been responded to.

In sum, Plaintiff has worked diligently to collect and produce all responsive information in his possession, in as timely a manner as possible, during the expedited discovery schedule governing this case. Plaintiff has complied at all times with his obligation to continue to conduct a reasonably diligent search and to produce responsive, non-privileged documents. That is precisely what he did in producing the Snapchat data to Defendant. Accordingly, there is nothing further to be compelled from Plaintiff in regard to his Snapchat data.

## CONCLUSION

For all of the reasons set forth herein, Defendant Wake Forest University's Motion to Compel Discovery should be denied in its entirety.

Dated: New York, New York
June 30, 2023

                                                        **NESENOFF & MILTENBERG, LLP**
                                                        *Attorneys for Plaintiff*

                                                        **By: /s/** *Tara J. Davis*
                                                             **Andrew T. Miltenberg, Esq.**
                                                             **Stuart Bernstein, Esq.**
                                                             **Tara Davis, Esq.**
                                                             **363 Seventh Avenue, Fifth Floor**
                                                             **New York, New York 10001**
                                                             **(212) 736-4500**
                                                            **amiltenberg@nmllplaw.com**
                                                           **sbernstein@nmllplaw.com**
                                                           **tdavis@nmllplaw.com**


                                                                        **-and-**

**EKSTRAND AND EKSTRAND, LLP**

By: /s/ *Robert Ekstrand*
    **Robert Ekstrand, Esq. (26673)**
    **110 Swift Avenue, 2nd Floor**
    **Durham, North Carolina 27705**
    **(919) 416-4590**
    **rce@ninthstreetlaw.com**

10

## CERTIFICATE OF SERVICE

        The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled matter through the Court's CM/ECF system on June 30, 2023.

**SAUL EWING LLP**
*Attorneys for Defendant Wake Forest University*
Joshua W. B. Richards, Esq.
joshua.richards@saul.com
Douglas Sampson, Esq.
douglas.sampson@saul.com

**BELL DAVIS & PITT, P.A.**
*Attorneys for Defendant Wake Forest University*
Daniel Alan M. Ruley, Esq.
aruley@belldavispitt.com
Mark A. Jones, Esq.
mjones@belldavispitt.com
William K. Davis, Esq.
wdavis@belldavispitt.com

BY: ☐ U.S. Mail     ☐ Federal Express

       ☐ Hand-Delivery     ■ Other: Email

                                        *Tara J. Davis*
                                        **Tara J. Davis**