IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 1:23-cv-114 |
| WAKE FOREST UNIVERSITY, | : |
| Defendant. | : |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**DEFENDANT WAKE FOREST UNIVERSITY'S MOTION TO COMPEL DISCOVERY**

Defendant Wake Forest University's (the "University") submits this reply in further support of its Motion to Compel Discovery ("Motion"). [ECF Nos. 51 and 52] In his Memorandum of Law in Opposition ("Opposition") to the Motion [ECF No. 56], Plaintiff provides a history of all the discovery that has occurred in this matter, very little of which bears on the issue currently before the Court: whether a party may redact purportedly irrelevant information from a responsive document. Plaintiff provides no legal basis for such unilateral redactions.

Plaintiff has conceded his Snapchat data was responsive and discoverable. [ECF No. 52 at 3-6]. It should have been produced with Plaintiff's initial production on April 28, 2023. It was not produced until *after* Plaintiff's deposition and it contained redactions so significant that the document was unusable. Plaintiff now claims the University waived any further deposition testimony because the University raised this discovery dispute with the Court. The Court should require Plaintiff to produce all responsive, non-privileged documents free from redactions and to sit for a continued deposition on any documents produced since his initial deposition. The Court should also award the University its reasonable attorneys' fees pursuant to Rule 37(a)(5).

41832210.2

**ARGUMENT**

I.  **Plaintiff should be ordered to produce his unredacted Snapchat data.**

Plaintiff has not met his burden to show with particularity why discovery should be denied. [ECF No. 52 at 5-6]. Plaintiff does not dispute that the Snapchat data is a responsive document. [ECF No. 56 at 6]. Plaintiff testified that: (1) he used Snapchat to talk about things related to this case; (2) that he collected his Snapchat data; and (3) that he provided the Snapchat data to his attorneys prior to his May 23rd deposition. [ECF No 52-3 at 3-4]. Yet, the (heavily redacted) Snapchat data was not produced by Plaintiff until June 12th.

Plaintiff fails to demonstrate how producing the unredacted document, which was already in the possession of his counsel, was disproportionate to the needs of this case. Plaintiff's argument that the *burden* of producing the requested data outweighs the potential benefit is likewise nonsensical. [ECF No. 56 at 7]. How could the burden of producing a document in his possession remotely approach the burden of needlessly redacting an obviously responsive document? Moreover, any concern about confidential or sensitive information is alleviated by the Stipulated Confidentiality Agreement and Protective Order. [ECF No. 41].

Having acknowledged that the document is responsive, Plaintiff argues – without legal support – that the redaction of "irrelevant" information from a responsive document is proper. [ECF No. 56 at 6-7]. Relevance under Rule 26 has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (internal quotations omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed to

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Plaintiff argues that the University created this situation by failing to accept statements by Plaintiff's counsel that all relevant information appearing in the Snapchat data was provided. [ECF No. 56, Opp. at 6]. This Court has recognized that such unilateral redactions are inappropriate where parties may disagree about what information is relevant. *David v. Alphin*, No. 3:07CV11, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010) ("The court knows of no better way to ensure that a motion to compel will be filed than to unilaterally black out large portions of documents as the human mind is naturally curious.").

Plaintiff offers no legal support for the unilateral redaction of the information Plaintiff deems irrelevant from a responsive document. [ECF No. 56 at 6-7]. None exists. Rather, it is well established that a party may not redact information from an otherwise responsive document on the basis of relevancy. *Alphin*, 2010 WL 1404722 at *8; *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 327559, at *3 (E.D.N.C. Jan. 8, 2018); *see also Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 3496514, at *3 (D.S.C. July 14, 2014) ("the redaction of irrelevant information, even when sparingly done, deprives defendants of context for the relevant information."). This rule exists for a good reason: Just as Plaintiff surely would have objected if the University went through responsive emails by University officials to decide which sentences were relevant to this matter and which were not and systematically redacted the latter, Plaintiff should be compelled to produce an unredacted version of his Snapchat data.

## II. The Court should order Plaintiff to complete his deposition testimony.

Plaintiff argues that the University's postponement of the continuing deposition to resolve this discovery dispute, constituted a waiver of any further deposition testimony from Plaintiff.

3

41832210.2

[ECF No. 56 at 5]. This position has no basis in the law or the Federal Rules of Civil Procedure. The parties agreed on terms to continue Plaintiff's deposition on certain relevant documents that Plaintiff admitted he had not produced at the time of his initial deposition. *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) (Holding that absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit the taking of a deposition that all parties have agreed is proper.). The University has not reached the time limit for Plaintiff's deposition testimony under either the Federal Rules or this Court's Case Management Order. [ECF No. 35]. Defendant should not be denied the right to complete Plaintiff's deposition testimony, as previously agreed to by the parties:

> MR. RICHARDS: Counsel had a conversation off the record in which they agreed that counsel for the plaintiff will conduct a search of [John Doe's] emails for -- strike that -- conduct a search of Mr. Doe's emails for emails involving himself, any third party, including his mother, and Mr. Fitzgerald; will provide those documents to Defense counsel; and upon review, Defense counsel will alert Plaintiff's counsel whether a reopening of the deposition via Zoom would be appropriate under the circumstances.
>
> MS. DAVIS: For that limited purpose.
>
> MR. RICHARDS: For that limited purpose.
>
> MS. DAVIS: Yes.

[ECF No. 52-3 at 6]. Plaintiff's unilateral breach of an agreement made on the record has no justification, and should instead result in an award of reasonable fees under Rule 37.

## **CONCLUSION**

For all the foregoing reasons, the University's Motion should be granted and Plaintiff should be ordered to: (1) produce his unredacted Snapchat data; (2) make himself available for a continuing deposition on the July 17 date since noticed by the University; and (3) reimburse the University for its reasonable fees in filing this Motion pursuant to FED. R. CIV. P. 37(a)(5).

Dated: July 7, 2023	Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards (Special Appearance)
Douglas A. Sampson (Special Appearance)
SAUL EWING LLP
Centre Sq. West, 1500 Market St.
38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
douglas.sampson@saul.com

and

William K. Davis (NCSB No. 01117)
Alan M. Ruley (NCSB No. 16407)
Mark A. Jones (NCSB No. 36215)
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120
336-722-3700
wdavis@belldavispitt.com
aruley@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendant Wake Forest University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2023, a copy of the foregoing Reply Brief in Further Support of Defendant Wake Forest University's Motion to Compel Discovery was served on all parties via the court's ECF system

*/s/ Douglas A. Sampson*
Douglas A. Sampson (Special Appearance)

## CERTIFICATION OF WORD COUNT

Pursuant to Local Rule 7.3(d), I certify that Wake Forest University's Reply Brief in Further Support of the Motion contains 1,145 words, exclusive of the caption and signatures.. The word count was obtained using the "word count" function in Microsoft Word. Therefore, the Memorandum complies with the reply brief length restrictions of 3,125 words in Local Rule 7.3(d).

*/s/ Douglas A. Sampson*
Douglas A. Sampson